IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2011

**SAMUEL K. ROBINSON v. CANDACE WHISMAN ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 11C37      Barbara N. Haynes, Judge**

---

**No. M2011-00999-COA-R3-CV - Filed May 24, 2012**

---

Former inmate challenged the calculation of his prison sentence, contending the Tennessee Department of Correction erred in failing to award him pretrial jail credit. The orders of judgment TDOC relied upon to calculate the prison sentence apparently did not indicate the inmate had earned pretrial jail credit. The former inmate filed a complaint against individuals employed by the prison and TDOC, contending they violated his constitutional rights and were liable to him for damages pursuant to 42 U.S.C. §§ 1983 and 1985(3). The trial court dismissed the former inmate's complaint because the defendants calculated the former inmate's sentence based on the judgments as they were required to do by statute. We affirm the trial court's judgment.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Samuel K. Robinson, Goodlettsville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Arthur Crownover II, Senior Counsel, for the appellee, Candace Whisman.

**OPINION**

**I. BACKGROUND**

Samuel K. Robinson appeals the trial court's dismissal of his Complaint against Candace Whisman, Charles Bass Correctional Complex Records Office Staff, Delores Beasley, and Sheila Howard. Mr. Robinson alleged the defendants violated 42 U.S.C.

§§1983 and 1985(3) by erroneously calculating his prison sentence and requiring him to serve more time in prison than was necessary.[1]

Mr. Robinson was initially arrested on September 24, 1996, for several counts of burglary, theft, and vandalism. He pleaded guilty to most of the charges on February 20, 1997, and received a fifteen-year sentence for case numbers 7981 through 7988, 8059, and 8097. Mr. Robinson was sentenced to serve four years in case number 7981, six years in case number 7982, three years in case number 7983, and two years in case number 7984, to be served consecutively to case number 7983. He received concurrent sentences in all other cases listed. The trial court granted Mr. Robinson 149 days of pretrial jail credit in case number 7981 for the period September 24, 1996, to the sentencing date, and Mr. Robinson received 32 days of pretrial behavior credits in accordance with Tenn. Code Ann. § 41-21-236. Mr. Robinson was placed on supervised probation for the remaining term of his sentence.

Mr. Robinson violated the terms of his probation on March 3, 1998, and his probation was revoked in case numbers 7981 through 7988. Ms. Whisman, who was the Director of Sentence Management Services, stated in an affidavit that the revocation order did not list any additional credit for time served after the original sentence date.[2] Mr. Robinson was convicted of three additional burglary and theft offenses on May 4, 1998, in case numbers 8484, 8485, and 8563. He received a three-year sentence to be served concurrently with his fifteen-year sentence for a majority of the counts and was ordered to serve one year consecutively for one count. Mr. Robinson's total sentence at this point was sixteen years. Ms. Whisman stated in her affidavit that none of the trial court's judgments listed any pretrial jail credit to be awarded Mr. Robinson other than the 149 days for case number 7981.

Mr. Robinson was admitted to the custody of the Tennessee Department of Correction ("TDOC"), on December 10, 1999. He was granted parole and released to parole supervision on February 11, 2004. Mr. Robinson violated parole and was returned to TDOC custody on September 8, 2004. He was again granted parole and released to parole supervision on October 9, 2006.

---

[1]Mr. Robinson alleges the expiration of his sentence should have been November 1, 2009, but that due to the defendants' errors and inactions, he was not released until April 27, 2010.

[2]The affidavit Ms. Whisman filed with the trial court apparently had supporting documents attached to it, including the revocation order suspending Mr. Robinson's probation on March 3, 1998. The affidavit included with the record on appeal, however, does not include any attachments.

On November 12, 2009, Mr. Robinson was arrested for harassment. The State determined that Mr. Robinson's actions leading to the harassment arrest constituted a violation of his parole, and Mr. Robinson was incarcerated at the Charles Bass Correctional Complex on December 6, 2009. After he was returned to prison in December 2009, Mr. Robinson was reviewing some records and noticed that his sentence expired on November 1, 2009, rather than November 2010, as the documents indicated. Because he had completed his sentence by the beginning of November, Mr. Robinson contended he could not have violated any conditions of parole on November 12 and therefore should not have been returned to prison the following month.

Mr. Robinson attempted to correct the miscalculation of his sentence with the assistance of his unit counselor and through a letter to the TDOC Commissioner, but these efforts were unsuccessful. Ms. Whisman stated in her affidavit that the sentencing court's judgments she relied upon to calculate Mr. Robinson's sentence did not reflect that Mr. Robinson should receive any pretrial credit other than the 149 days for which she had already credited him. In response to Mr. Robinson's letter to the TDOC Commissioner, Ms. Whisman sent Mr. Robinson a letter in which she told Mr. Robinson, *inter alia*, that he needed to submit "verifying documentation" before TDOC would review his complaint.

Mr. Robinson hired an attorney who, with the assistance of the Giles County Sheriff's Department and the sentencing judge, provided the necessary documents to Ms. Whisman showing that Mr. Robinson was in custody of the Giles County jail from May 12, 1997, to September 11, 1998, and was therefore eligible to receive credit for this period in case numbers 8484 and 8485. Ms. Whisman did not receive this documentation until April 26, 2010. Immediately upon receiving this information Ms. Whisman arranged for Mr. Robinson to be released the following day, April 27, 2010.

## II. TRIAL COURT PROCEEDINGS

Once he was released from prison Mr. Robinson filed a Complaint pursuant to 42 U.S.C. §§ 1983 and 1985(3) against Ms. Whisman, Charles Bass Correctional Complex Records Staff, Delores Beasley, and Sheila Howard, all in their individual capacities. Mr. Robinson alleged the named individuals were deliberately indifferent to his rights to Equal Protection, Due Process of Law, and protection from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and that the named individuals deprived him of his constitutional rights.[3] Mr. Robinson sought

---

[3]Specifically, Mr. Robinson alleged Ms. Whisman erroneously calculated his sentence and delayed correcting the problem once Mr. Robinson's attorney alerted her to the additional time Mr. Robinson had
(continued...)

compensatory damages in the amount of $250,000 and punitive damages in the amount of $300,000.

The defendants did not file an Answer to Mr. Robinson's Complaint, but Ms. Whisman filed a motion for summary judgment. Ms. Whisman contended the only proper respondent was TDOC and that TDOC had calculated Mr. Robinson's sentence in accordance with the applicable law. The affidavit set forth the actions taken by TDOC and the state of the records regarding Mr. Robinson's various sentences.

Mr. Robinson filed a cross motion for summary judgment on the basis that the defendants had failed to dispute his factual allegations and that he was entitled to judgment as a matter of law.

After consideration of the parties' motions and memoranda, the trial court entered an Order of Dismissal on April 11, 2011, in which the court dismissed Mr. Robinson's Complaint. The trial court wrote:

> [T]he undisputed facts show that the Tennessee Department of Correction has calculated the petitioner's sentence in accordance with the applicable law. The TDOC is required to calculate prison sentences in accordance with the sentencing court's judgment and with applicable sentencing statutes. *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 581-82 (Tenn. Ct. App. 2001). The TDOC may not alter the judgment of a court, even if that judgment is illegal. *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). A review of the petitioner's sentence structure demonstrates that the TDOC did not alter the sentencing court judgments and that the TDOC has calculated his sentence in conformity with the judgments.

Mr. Robinson duly filed a Notice of Appeal to this court.

---

[3](...continued)
been in custody. Mr. Robinson alleged the Charles Bass Correctional Complex Records Staff were put on notice that his sentence was not calculated correctly but did nothing to assist him in correcting the miscalculation. Mr. Robinson alleged Ms. Howard improperly determined that his grievance had no merit. Mr. Robinson alleged Ms. Beasley improperly returned his grievance on the basis that Mr. Robinson had not served his entire sentence yet and that she interfered with his rights to appeal the denial of his grievance.

### III. ANALYSIS

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Id.* Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). Those requirements are that the filings supporting the motion show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair*, 130 S.W.3d at 764.

The moving party has the burden of demonstrating it is entitled to judgment as a matter of law and that there are no material facts in dispute. *Martin*, 271 S.W.3d at 83; *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998). To be entitled to summary judgment, a defendant moving party must either (1) affirmatively negate an essential element of the non-moving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 9 (Tenn. 2008). If the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of a genuine issue of material fact. *Martin*, 271 S.W.3d at 84; *Hannan*, 270 S.W.3d at 5; *Staples v. CBL & Associates*, 15 S.W.3d 83, 86 (Tenn. 2000) (citing *Byrd v. Hall*, 847 S.W.2d at 215).

In our review, we must consider the evidence presented at the summary judgment stage in the light most favorable to the non-moving party, and we must afford that party all reasonable inferences. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001).

Ms. Whisman stated in her affidavit that only one judgment indicated Mr. Robinson was entitled to pretrial jail credit, and that was 149 days for count number 7981. Ms. Whisman indicated Mr. Robinson was properly credited for this time. In addition, Ms. Whisman stated that when Mr. Robinson violated probation on March 3, 1998, leading to the revocation of his probation, the revocation order did not list any additional credit for time served after the original sentence date. Further, Ms. Whisman stated that when Mr. Robinson was convicted on May 4, 1998, for case numbers 8484, 8485, and 8563, none of those judgments listed any pretrial jail credit to be awarded Mr. Robinson. Mr. Robinson does not dispute that only one judgment granted him pretrial jail credit and that he received credit for this time.

Pretrial jail credit awards are mandated by Tennessee Code Annotated section 40-23-101(c), which provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

*See State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (Tennessee is required to credit accused's sentence with time served in jail pending arraignment and trial as well as time subsequent to any conviction arising out of original offense).

This court explained in *Bonner v. Tennessee Dept. Of Correction*, 84 S.W.3d 576, 581-82 (Tenn. Ct. App. 2001), that TDOC "is required to calculate prison sentences in accordance with the sentencing court's judgment order and with applicable sentencing statutes." The Tennessee Supreme Court affirmed this rule in *Cantrell v. Easterling*, 346 S.W.3d 445, 457 (Tenn. 2011), when it wrote: "TDOC is required to enforce judgment orders as they are written. TDOC does not have the authority to 'correct' what it perceives to be errors, clerical or otherwise, in judgment orders." *Accord State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978) (TDOC cannot alter a sentencing court's judgment even if that judgment is illegal); *Grimes v. Parker*, 2008 WL 141129, at *4 (Tenn. Ct. App. Jan. 14, 2008) (same).

The Tennessee Court of Criminal Appeals explained it this way:

> The award of pretrial jail credits . . . lies strictly within the purview of the trial court rather than the Department of Correction. . . . [T]he trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award. In consequence, any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile.

*Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Ct. Crim. App. 2009) (citations and quotations omitted).

The sentencing court is in the best position to correct errors in its judgments, and Mr. Robinson's proper course of action when he realized there was an error in the computation of his release date would have been to file a motion with the sentencing court asking that its judgment(s) be corrected rather than filing a grievance with TDOC. *See Burkhart*, 566 S.W.2d at 873 (trial court has authority to correct its judgments); *State v. Shelton*, 2000 WL 1858996, at *7 (Tenn. Crim. App. Dec. 20, 2000) (Appeals Court directed trial court to amend order of judgment to reflect correct date of offense).

Ms. Whisman stated the following in her affidavit submitted in support of her motion for summary judgment:

Prior to April 26, 2010, the department had not received any documentation that Mr. Robinson was in custody of the Giles County jail from May 12, 1997 until the date of probation revocation March 3, 1998. The Giles County judgment orders for Case #8484, #8485, and #8563 did not list any pretrial jail credit to be awarded. Tenn. Code Ann. § 40-23-101(c), instructs the court to indicate pretrial jail credit on the judgment orders. If the judgment orders have no indication of jail credit, the department has no authority to apply pretrial jail credit and has no reason to question the validity of the court's orders. However, upon receipt of the Sheriff's letter, this office did apply credit for this time period.

Contrary to Mr. Robinson's argument, TDOC was required to compute his sentence according to the sentencing court's judgment. Even if Ms. Whisman believed one or more judgments were incorrect, she did not have the authority to change the order(s) or alter Mr. Robinson's sentence on her own. Once Mr. Robinson's attorney provided Ms. Whisman with the proper documentation obtained from the Giles County Sheriff's Department with the approval of the sentencing judge that showed Mr. Robinson was entitled to additional pretrial credit, Ms. Whisman did not waste any time and arranged for Mr. Robinson to be released the following day.

The basis of Mr. Robinson's claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) is the miscalculation of his sentence. Mr. Robinson is unable to show that Ms. Whisman or any other defendant he named is responsible for the miscalculation or that any defendant acted in such a way as to deny him his constitutional rights, as he must to succeed on his claims. Moreover, Mr. Robinson failed to show Ms. Whisman or any other defendant had a duty they neglected to perform that resulted in his continued incarceration.

By demonstrating she complied with the law regarding the computation of Mr. Robinson's sentence, Ms. Whisman affirmatively negated Mr. Robinson's allegation that she

violated his constitutional rights by neglecting to credit him with pretrial jail time. Mr. Robinson has failed to show there is a genuine issue of material fact in this regard or that Ms. Whisman or any other defendant failed to follow the law in computing his sentence. We therefore hold the trial court properly dismissed Mr. Robinson's Complaint and affirm the trial court's judgment.

## IV. CONCLUSION

We affirm the trial court's judgment dismissing Mr. Robinson's Complaint. Costs of this appeal are assessed against the appellant, Samuel K. Robinson.

_____
ANDY D. BENNETT, JUDGE