PAUL C. SHIPLEY *v.* WELLWOOD SILK THROWING MILLS.

*(Nashville,* December Term, 1931.)

Opinion filed March 26, 1932.

BROWN & BENTLEY, for plaintiff in error.

WILLIS & DAVENPORT, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a common-law action to recover damages for personal injuries. One of the grounds of demurrer to the declaration, which the trial court sustained, was that the petitioner had waived his right to maintain this suit by making claim for compensation under the Workmen's Compensation Act. This contention is based upon the following paragraph of the declaration:

"That although the defendant was subject to the terms and provisions of the aforesaid Workmen's Compensation Act it had failed and neglected to provide compensation insurance, or to file notices with the State Department of its having provided insurance as required by the aforesaid act, and that although the plaintiff had served notice on the defendant of his injury within thirty days thereafter, as provided by the said act, the defendant has failed and refused to render the plaintiff any medical service, and has failed and refused to compensate the plaintiff in any manner whatsoever."

Section 41 of the Workmen's Compensation Act, after requiring that employers falling within the Act

shall procure liability insurance, etc., provides: "Until these provisions are complied with, the employer shall from the date this Act becomes effective, be liable to an employe either for compensation under this Act or at law in the same manner as if the employer had refused to accept the provisions of this Act, and in any suit brought by the employe against the employer the defense of contributory negligence, the fellow servants' rule, and assumption of the risk by the employe shall not be open to or set up by the employer in any common law court in which suit may be brought. Claim of compensation in such cases under this Act shall be deemed a waiver of the right to proceed at law, and institution of an action at law shall be deemed a waiver of all claims to compensation hereunder."

The reasonable construction of plaintiff's declaration is that he did nothing more toward making claim for compensation than the filing of the notice prescribed by statute, whereupon the employer "failed and refused to compensate the plaintiff in any manner whatsoever." The facts pleaded show liability of the employer to pay compensation under the statute, and the word "refused" may as well have been used to refer to a refusal to comply with the statutory obligation as to a refusal to satisfy a demand made by plaintiff. The mere filing of the statutory notice, which is a prerequisite of a valid claim for compensation, cannot be given the effect of a waiver of the right to sue for damages under section 41 of the statute. The injured employe is required to file the notice within thirty days, while, by section 24, he is given one year within which to file his "claim" with the proper tribunal for hearing and determination. A distinction between notice and claim is therefore recognized in the statute.

The principle underlying the waiver pleaded by defendant is that of election of right or remedy. The language of the statute, section 41, invoked by defendant is: "Claim of compensation in such cases under this Act shall be deemed a waiver of the right to proceed at law, and institution of an action at law shall be deemed a waiver of all claims to compensation hereunder." Section 42, conferring the same right of election upon an injured employe when the employer refuses or neglects to file evidence of his insurance with the commissioner, provides: "Claim of compensation made under this Act shall be deemed a waiver of the right to sue for damages," etc.

The rights of the parties before us turn upon the meaning of the phrases "claim of compensation in such cases under this Act," as found in section 41, and "claim of compensation made under this Act," as found in section 42. We are of opinion that the Act discloses a legislative intent that the "claim of compensation which will constitute a waiver of the right to sue at law is a claim filed in a tribunal having jurisdiction to hear and determine it, and not a mere request or demand upon the employer invoking no process of law for its determination or enforcement."

There is no provision of the compensation law that the right to compensation shall be in any wise affected by the making of, or failure to make, a claim to the employed or to his insurer. On the other hand, section 24 directs that the right to compensation shall be forever barred unless within the year "a claim for compensation under the provisions of this Act shall be filed with the tribunal having jurisdiction to hear and determine the matter." The procedure to be followed in such "tri-

bunal'' is defined by section 32, in which the action is several times referred to as a "claim." The county judge is directed to "set claims for hearing not more than fifteen days after the filing of the petition," and to "keep a docket of all claims presented to him for settlement or adjudication." A fee was prescribed as compensation for the judge for entering settlements or compromises of "claims which are not controverted or litigated." In section 14 the employe is given the option to "claim compensation or proceed at law against such other person to recover damages," thus describing alternative legal proceedings or actions.

It appearing therefore that the prior specific references in the statute to "claims for compensation" are made with reference to claims asserted by petition or other pleading addressed to the county court, or to the other courts named in section 32, and that no provision is found requiring or giving legal effect to a claim made to the employer, we think the legislative reference to such claims in sections 41 and 42 must be given the same meaning which is obviously signified and implied by the same term when used earlier in the same statute; that is, the filing of a petition or other pleading addressed to one of the courts vested with jurisdiction to hear and determine the claim.

When the right of election exists, it is only the "institution of an action at law" that is to be deemed a waiver of the right to compensation. No reason is suggested for giving effect to an extrajudicial demand for compensation as a waiver of the right to sue at law, while denying similar effect to a similar demand for damages, and we do not think the legislature intended to make such a distinction. The difference in the language employed in the reference to the two classes of actions was

rendered necessary by the provisions of section 32, prescribing the procedure to be followed in determining claims for compensation, wherein it is provided that the employer may himself bring the matter to the attention of the county court by petition, in which event the presentation of the employe's claim for compensation by answer would be the making of the claim, although not amounting to the "institution of an action" thereon.

The defendant cites *Zilch* v. *Bomgarden,* 91 Ohio State Reports, 205, 110 N. W., 459, as the "only case we have been able to find that bears directly on the issues of the case at bar." The case does not support defendant's contention. The employe was there held to have waived his right to sue at law for damages by filing, not with his employer, but with "the state liability board of awards," a notice of his injury, in which notice he expressly made application to the board for payment of money out of the state insurance fund. The statute provided that such an application "for an award from the state liability board of awards waives his right to exercise his option to institute proceedings in any court." The waiver resulted from the application made by the employe to the tribunal vested by the Ohio statute with jurisdiction to hear and determine his claim, which is the effect our construction gives to the statute before us.

In *Barbee* v. *Baker Car Co.,* 154 Tenn., 130, 289 S. W., 585, the demand and acceptance of compensation by the injured employe was held to waive his right to sue at law for damages under the option given by section 41 of the compensation law. It does not appear that any issue was there made with respect to the form or method of the demand or application for compensation, and the fact of the actual payment of a portion of the compensation

rendered conclusive the employe's election to take compensation rather than to sue for damages. The payment of compensation was a satisfaction of the cause of action at law.

A second ground of defendant's demurrer, sustained by the circuit court, was directed to averments of the declaration that injuries to plaintiff's arm, charged to defendant's negligence, were aggravated by the necessary resetting of the broken bones, "which resetting was not skillfully done." The demurrer states: "The defendant is in no way liable or responsible for such damages resulting from unskillful treatment and resetting of the broken arm; and plaintiff's suit in so far as said damages or permanent injury are concerned should be dismissed."

The opinion in *Revell* v. *McCaughan,* 162 Tenn., 532, 39 S. W. (2d), 269, was published after this case was appealed. Following the ruling there made, we hold the second ground of the demurrer in the case before us should be overruled. Negligence of the physician is not averred in the declaration as a basis for recovery of damages, or as a cause of action, and the distinction between the cause of action here asserted and that involved in *Quinn* v. *Railroad,* 94 Tenn., 713, 28 L. R. A., 552, clearly pointed out in *Revell* v. *McCaughan, supra,* is obvious. Even in criminal prosecutions for unlawful homicide, the accused, having wrongfully inflicted an injury necessitating an operation, is held to assume the attendant risk of the surgeon's negligence. *Odeneal* v. *State,* 128 Tenn., 60, 69, 157 S. W., 419.

The judgment of the Circuit Court of Warren County will accordingly be reversed, and the case remanded to that court for plea. Defendant will pay the costs of the appeal.