HUDGINS *v.* NASHVILLE BRIDGE CO.

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

Louis Farrell, Jr., and Jack Norman, both of Nash-ville, for plaintiff in error.

Roberts & Roberts, of Nashville, for defendant in er-ror.

Mr. Justice McKinney delivered the opinion of the Court.

Hudgins, while in the employ of the Bridge Company, suffered an occupational disease known as "lead poison-ing," which he insists was attributable to certain acts of

negligence on the part of his employer. He instituted an action at law to recover damages for the disability that he claims totally disabled him from pursuing his vocation, namely, that of a painter.

The defendant filed a plea in which it was averred that the parties were operating under the Workmen's Compensation Act of Tennessee, Code 1932, section 6851 et seq., and that:

"Said Act provides an exclusive remedy as between the parties and that under its terms and provisions plaintiff is not entitled to maintain this action at common law.

"Wherefore, defendant pleads said Workmen's Compensation Act in bar of this action."

After this plea was filed, and within the statutory period of one year, the plaintiff, being somewhat in doubt as to the right remedy, instituted a proceeding under said Workmen's Compensation Act, and made the following statement in his petition, to wit:

"Petitioner has heretofore filed an action at common law against the defendant, based on the alleged lead poisoning, but he is advised that he is entitled, should he be mistaken in his said common-law action, to file at the same time his petition for workmen's compensation, and that in the event he is unsuccessful in his common-law action, he may prosecute his compensation suit."

After filing said petition, the plaintiff filed a replication to the defendant's plea, in which it was averred that the parties were operating under the Workmen's Compensation Act; that while he had filed a petition for compensation he denies that this case comes within said act, but "that his petition for compensation was filed only in case he is mistaken in his remedy, so that he may proceed in that action if he fails in this." The petition

for compensation was introduced in evidence on the hearing of the defendant's plea. The court held the plea good upon the ground that plaintiff by filing his petition for compensation had waived his right to proceed at law. Ordinarily this is not true where the petitioner expressly reserves the right to follow an inconsistent remedy. 20 C. J., 21. In the same book, on pages 25, 26, it is said:

"Where the victim of a wrong has at his command inconsistent remedies and he is doubtful which is the right one, in the absence of facts creating an equitable estoppel, he may pursue any or all of them until he recovers through one, since the prosecution of a wrong remedy to defeat will not estop him from subsequently pursuing the right one. A party is not required to select his procedure at his peril. This rule has been applied to actions where it is doubtful whether the remedy of plaintiff is under the employer's liability act or at common law, and is equally applicable where the question relates to remedies afforded by the statutes of different sovereign powers, each exclusive within its own domain."

This procedure was recognized by this court in *Southern Ry Co.* v. *Grigsby,* 155 Tenn., 285, 295, 292 S. W., 3, 6, in which it was said:

"Instances may frequently arise in which it is quite difficult to tell whether a particular case falls under a state Compensation Act or the Federal Employers' Liability Act. In such circumstances, it may be possible to proceed under both statutes until the facts are developed. *Corbett* v. *Boston & Maine R. Co.,* 219 Mass., 351, 107 N. E., 60, 12 A. L. R., 683. Our statute would hardly be construed to require a binding election at the outset in one of these border line cases."

In the Massachusetts case just referred to it is said:

"It is a familiar principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound, so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election. A party is not obliged to select his procedure at his peril."

█ █ Counsel for defendant invoke the following provision of section 6895 of the Code: "Claim of compensation in such cases under this chapter shall be deemed a waiver of the right to proceed at law, and institution and prosecution to final judgment of an action at law shall be deemed a waiver of all claims to compensation hereunder." The words "and prosecution to final judgment" were interpolated into the act by the codifiers of the 1932 Code; so that the institution of an action at law does not operate as a waiver to sue for compensation until the action at law has been prosecuted to final judgment. At the time the Legislature adopted this amendment it did so with knowledge that the " 'claim of compensation' which will constitute a waiver of the right to sue at law is a claim filed in a tribunal having jurisdiction to hear and determine it." *Shipley* v. *Silk Throwing Mills,* 164 Tenn., 281, 284, 47 S. W. (2d), 561, 562. In that case it was further said:

"When the right of election exists, it is only the 'institution of an action at law' that is to be deemed a waiver of the right to compensation. No reason is suggested for giving effect to an extrajudicial demand for

compensation as a waiver of the right to sue at law, while denying similar effect to a similar demand for damages, and we do not think the Legislature intended . to make such a distinction.''

For the same reason, we are constrained to hold that the institution of a suit for compensation does not operate as a waiver of the suit at law until it is prosecuted to final judgment. The statute as thus interpreted would read as follows: ''A claim for compensation filed in a tribunal having jurisdiction to hear and determine it when prosecuted to final judgment shall, be deemed a waiver of the right to proceed at law, and institution and prosecution to final judgment of an action at law shall be deemed a waiver of all claims to compensation hereunder.'' This construction gives effect to what we conceive to be the legislative intent, meets the justice of the case, protects the rights of an injured employee whose remedy may be doubtful, and works no hardship on the employer. The result is that in either case where the employee recovers a judgment he can proceed no further in the other case.

Our authorities follow the general rule that in order to effectuate the legislative intent words may be modified, altered, or supplied. *Ashby* v. *State,* 124 Tenn., 684, 139 S. W., 872; *Riggins* v. *Tyler,* 134 Tenn., 577, 184 S. W., 860; *City of Bristol* v. *Bank of Bristol,* 159 Tenn., 647, 21 S. W. (2d) 620.

For the reasons stated, the judgment of the trial court will be reversed and the case remanded for a hearing upon the merits.

The costs of the appeal will be taxed against the defendant.