PRESTON DAVIS, JR.

*v.*

UNITED STATES FIDELITY & GUARANTY CO.

(*Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

R. L. PEARSON, CHAS. H. O'BRIEN and F. M. DUKE, JR., Memphis, for appellant.

CRABTREE, MORGAN, McKNIGHT & MERRILL, Memphis, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal from an order sustaining the demurrer and dismissing a petition for Workmen's Compensation benefits to a minor for loss of 75% of his left hand by amputation.

The plaintiff, Preston Davis, Jr., a minor, 17 years of age, sustained the loss of 75% of his left hand as result of an accident that arose out of and in the course of his employment. The appellee, United States Fidelity & Guaranty Company, was the employer's insurer and paid compensation at $30 per week for eleven weeks temporary total disability, and declined to pay permanent partial disability for the loss of a greater portion of his hand.

The original petition set forth that appellant was a minor under 18 years of age; that he prosecuted a lawsuit for violation of the Child Labor Law and recovered a judgment against Dougherty - Liddell Construction Company for $15,000 on account of violation of the Child Labor Law.

The case now before us is whether the employee is entitled to recover compensation from the Workmen's Compensation insurer for his loss by amputation of 75% of his left hand?

It is contended by appellant that his recovery is in violation of the Child Labor Law, which is a statutory vio-

lation on the part of his employer, and does not affect his right to recover Workmen's Compensation benefits under Section 50-901, T.C.A.

We are of the opinion that the lower court was correct in sustaining the demurrer and dismissing the suit, the Workmen's Compensation Law having been enacted as the exclusive remedy for personal injuries by employee against employer, the exceptions to this exclusive remedy do not give the employee two remedies, but give him an election between a right of action at common law or under the compensation act, and the plaintiff having elected to pursue the common law right of action, obtaining judgment and collecting it, has shown his election to pursue that remedy, to the exclusion now of pursuing any remedy under the Workmen's Compensation Law. Sections 50-908 and 50-1205, T.C.A.; *Walsh v. Myer Hotel Co.,* 161 Tenn. 355, 30 S.W.2d 225; *Western Union Telegraph Co. v. Ausbrooks,* 148 Tenn. 615, 257 S.W. 858, 33 A.L.R. 330; and *Hudgins v. Nashville Bridge Co.,* 172 Tenn. 580, 113 S.W.2d 738.

In the use of the expression "election" expressly shows that in Tennessee it was not contemplated that a minor employee would have two remedies because otherwise there would be no need for any election on his part.

Section 50-908, T.C.A. is as follows:

"The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

In this connection we set out a portion of Section 50-1205, T.C.A. relating to the maintenance of insurance to protect Workmen's Compensation Liability as follows:

"Until the provisions of this section are complied with, the employer shall be liable to an employee either for compensation under the Workmen's Compensation Law or at law in the same manner as if the employer had refused to accept the provisions of the law, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow servants' rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common law court in which such suit may be brought. Claim of compensation in such cases under the Workmen's Compensation Law shall be deemed a waiver of the right to proceed at law, and institution and prosecution to final judgment of an action at law shall be deemed a waiver of all claims to compensation hereunder."

In the case of *Hudgins v. Nashville Bridge Co.,* 172 Tenn. 580, 113 S.W.2d 738, 740, plaintiff believing that he had a common law right of action against his employer, instituted such common law action, and likewise shortly before the running of the statute of limitations, filed a second suit under the Workmen's Compensation Act to protect his rights thereunder. The case reported is the compensation case in which the defendant made the contention that the plaintiff had elected to sue and recover under the common law and was bound by such election and therefore the second suit for recovery under the Workmen's Compensation Act was barred. This court held under the provisions of Section 50-1205, T.C.

A. that there was no waiver of compensation until the common law action had been prosecuted to a final judgment, the Court saying:

"(3, 4) Counsel for defendant invoke the following provision of section 6895 of the Code: 'Claim of compensation in such cases under this chapter shall be deemed a waiver of the right to proceed at law, and institution and prosecution to final judgment of an action at law shall be deemed a waiver of all claims to compensation hereunder.' The words 'and prosecution to final judgment' were interpolated into the act by the codifiers of the 1932 Code; so that the institution of an action at law does not operate as a waiver to sut for compensation until the action at law has been prosecuted to final judgment. At the time the Legislature adopted this amendment it did so with knowledge that the ' "claim of compensation" which will constitute a waiver of the right to sue at law is a claim filed in a tribunal having jurisdiction to hear and determine it.' *Shipley v. Silk Throwing Mills,* 164 Tenn. 281, 284, 47 S.W.2d 561, 562. In that case it was further said:

" 'When the right of election exists, it is only the "institution of an action at law" that is to be deemed a waiver of the right to compensation. No reason is suggested for giving effect to an extrajudicial demand for compensation as a waiver of the right to sue at law, while denying similar effect to a similar demand for damages, and we do not think the Legislature intended to make such a distinction.'

"(5) For the same reason, we are constrained to hold that the institution of a suit for compensation

does not operate as a waiver of the suit at law until it is prosecuted to final judgment. The statute as thus interpreted would read as follows: 'A claim for compensation filed in a tribunal having jurisdiction to hear and determine it when prosecuted to final judgment shall be deemed a waiver of the right to proceed at law, and institution and prosecution to final judgment of an action at law shall be deemed a waiver of all claims to compensation hereunder.' This construction gives effect to what we conceive to be the legislative intent, meets the justice of the case, protects the rights of an injured employee whose remedy may be doubtful, and works no hardship on the employer. The result is that in either case where the employee recovers a judgment he can proceed no further in the other case.''

In the case at bar the common law action has not only been prosecuted to final judgment, but that judgment has been collected.

The Tennessee cases cited by appellant in no way indicate that under the Tennessee statute plaintiff is entitled to two remedies for one injury.

In the present case the appellant has elected to recover at common law the sum of $15,000, which he has received; that he never had two remedies for the same accident, but only an election between the two remedies, which election has been exercised and he is thereby estopped from bringing this action.

The action of the trial judge is so holding is affirmed.