IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 2, 2004 Session

## CHRISTOPHER A. EADIE v. COMPLETE CO., INC., ET AL.

**An Appeal from the Supreme Court Special Workers' Compensation Appeals Panel
Circuit Court for Williamson County
No. I-98373      R. E. Lee Davies, Judge**

---

**No. M2002-02010-SC-WCM-CV - Filed August 27, 2004**

---

We granted review in this case to consider whether an employee is barred from seeking workers' compensation benefits in Tennessee because the employee made a binding election of remedies by pursuing benefits for the same injury in another state. We hold that the employee's filing of a claim in South Carolina, his request for a hearing there, and the taking of depositions in that matter constitute affirmative acts to obtain benefits in another state sufficient to constitute a binding election of remedies that bars the employee's Tennessee claim. Therefore, we reject the conclusion of the Special Workers' Compensation Appeals Panel on this issue and affirm the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e) Appeal as of Right; Findings of Fact and
Conclusions of Law of the Special Workers' Compensation Appeals Panel Rejected;
Judgment of the Trial Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., and JERRY L. SMITH, SP.J., joined. FRANK F. DROWOTA, III, C.J., not participating.

James R. Tomkins, Nashville, Tennessee, for the appellants-defendants, Complete Company, Inc. and Westfield Insurance Companies.

Phillip R. Newman, Franklin, Tennessee, for the appellee-plaintiff, Christopher A. Eadie.

### OPINION

Factual and Procedural Background

In June of 1997, Christopher A. Eadie ("the employee"), a South Carolina resident, sustained serious and permanent injuries arising out of a motor vehicle accident that occurred in Georgia. At the time of the accident, the employee was working for Complete Company, Inc. ("Complete"), a

Tennessee corporation. Complete had an agreement with The Home Depot U.S.A., Inc. ("Home Depot") to make concrete repairs to its stores in multiple states. When the accident occurred, the employee was hauling a load of cement through Georgia to be used in a concrete repair job at a Home Depot store in North Carolina.

In the fall of 1997, the employee filed an original and an amended claim in South Carolina seeking "any and all rights he is entitled to under the workers' compensation laws of South Carolina." He specifically requested a hearing in that proceeding. Depositions were taken in the South Carolina matter in February of 1998, with employee's counsel deposing the owner of Complete. In June of 1998, the employee filed a claim with the Georgia State Board of Workers' Compensation. Shortly thereafter, the employee filed suit in Tennessee seeking workers' compensation benefits from both Home Depot and Complete. After the Tennessee claim was filed, the employee filed an additional claim in the North Carolina Industrial Commission seeking medical and disability benefits under that state's laws. There has been no activity in the Georgia and North Carolina cases beyond the filing of claims. The employee has not received benefits as a result of his claims in any of the four states.

Complete and its workers' compensation insurance carrier, Westfield Insurance Companies ("Westfield"), filed a motion for summary judgment in this case, contending: 1) the employee was an independent contractor; and 2) the employee was precluded from pursuing benefits in Tennessee because he made a binding election of remedies by seeking benefits in other states. Home Depot also filed a motion for summary judgment, arguing that the employee was an independent contractor of Home Depot.

The trial court granted the defendants' motions for summary judgment and dismissed the case. The trial court determined that the employee was an independent contractor of Home Depot and that Home Depot was not liable for workers' compensation benefits. The trial court did not rule on Complete and Westfield's assertion that the employee was also an independent contractor of Complete.[1] Instead, the trial court found that the employee made a binding election of remedies and therefore was barred from recovering benefits from Complete or Westfield in Tennessee. The employee appealed.

The Special Workers' Compensation Appeals Panel affirmed the trial court's finding that the employee was an independent contractor of Home Depot. The employee does not contest this determination. The Panel reversed the trial court's finding that the employee made a binding election of remedies by pursuing benefits in other states and remanded the case to the trial court. Complete and Westfield filed a motion for review pursuant to Tennessee Code Annotated section 50-6-225(e)(5)(B). We granted full Court review.

---

[1]This case has been pending since 1998. Given the importance of expediting workers' compensation cases, see Tenn. Code Ann. § 50-6-225(f) (Supp. 2003), we encourage trial courts to address each ground alleged in a motion for summary judgment. If the trial court addresses each ground that is raised, an injured worker's case will not be unnecessarily delayed due to a remand for findings on alternate grounds.

ANALYSIS

A trial court's grant of a motion for summary judgment presents a question of law. Goodloe v. State, 36 S.W.3d 62, 65 (Tenn. 2001). An appeal from a grant of summary judgment is governed by Rule 56 of the Tennessee Rules of Civil Procedure ("Rule 56"). Id. Under Rule 56, an appellate court must review the record without a presumption of correctness to determine whether the absence of genuine and material factual issues entitles the moving party to judgment as a matter of law. See Tenn. R. Civ. P. 56.04; Goodloe, 36 S.W.3d at 65.

The material facts in this case are not in dispute. There is no question that the employee filed claims for benefits in three states in addition to the claim filed in Tennessee. In the South Carolina matter, the employee requested a hearing and participated in depositions, including the deposition of Complete's owner. There has been no activity in furtherance of the claims in Georgia or North Carolina. None of these claims has been denied, and the employee has received no workers' compensation benefits.

The employee contends that his actions with regard to his claims for workers' compensation benefits in other states are not sufficient to constitute a binding election. We disagree.

An employee who suffers a compensable injury in another state may be barred from recovering benefits under Tennessee law through the election of remedies doctrine. This doctrine is designed to prevent forum shopping, vexatious litigation, and double recovery for the same injury. Bradshaw v. Old Republic Ins. Co., 922 S.W.2d 503, 506 (Tenn. 1996) (quoting Gray v. Holloway Constr. Co., 834 S.W.2d 277, 282 (Tenn. 1992)). For the doctrine to apply, it is not necessary that the employee actually receive benefits in another state. See id. at 507. Rather, the employee is precluded from receiving benefits in Tennessee if the worker "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." Id. "[T]he circumstances of each case must be considered in determining whether the employee has made a binding election." Perkins v. BE & K, Inc., 802 S.W.2d 215, 217 (Tenn. 1990).

In this case, it is clear that the employee "affirmatively acted to obtain benefits in another state." Bradshaw, 922 S.W.2d at 507. In particular, he actively initiated proceedings seeking to obtain benefits by filing a claim in the State of South Carolina, requesting a hearing, and participating in depositions in that matter. We construe these actions of the employee as affirmative conduct constituting a binding election of remedies.

The election of remedies doctrine is not intended either as a trap or a penalty for a mere mistake. Id. This is not a case of an employee mistakenly proceeding or signing documents without adequate notice or knowledge. See, e.g., Gray, 834 S.W.2d at 282; Hale v. Fraley's Inc., 825 S.W.2d 690, 692 (Tenn. 1990). The employee was represented by counsel at all times; each filing was a conscious decision to pursue benefits, and in one of the claims affirmative action was taken to obtain

these benefits.  Thus, the present case is unlike cases in which we have held that there was no binding election of remedies.

## CONCLUSION

We hold that the filing of a claim in South Carolina, the request for a hearing there, and the taking of depositions in that matter constitute affirmative acts to obtain benefits in another state sufficient to constitute a binding election of remedies that bars the employee's Tennessee claim. Therefore, we reject the conclusion of the Special Workers' Compensation Appeals Panel on this issue and affirm the judgment of the trial court.  Costs are taxed to the appellant, Christopher A. Eadie, and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE