



**FILED**
**Jul 31, 2019**
**03:11 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charles R. Goodwin | ) | Docket No. 2017-03-1235 |
| | ) | |
| v. | ) | State File No. 80097-2017 |
| | ) | |
| Morristown Driver's Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

## Reversed and Remanded

---

In this interlocutory appeal, the employer challenges the trial court's denial of its motion for summary judgment, which was based on the election of remedies doctrine. The employee, a Georgia resident, alleged injuries as a result of a work-related motor vehicle accident that occurred in Tennessee. The Tennessee employer filed a Tennessee First Report of Injury and paid for the employee's emergency medical care in Tennessee, but subsequently denied benefits based on a dispute as to causation. The employee retained counsel and filed a claim for workers' compensation benefits in Georgia. After conducting extensive discovery in the Georgia claim, the employee filed a petition for benefits in Tennessee but continued to pursue his claim in Georgia. Following a hearing before the Georgia State Board of Workers' Compensation, the claim was dismissed for lack of subject matter jurisdiction. After the employee filed an amended petition seeking benefits in Tennessee, the employer filed a motion for summary judgment asserting the employee's Tennessee claim was barred because he had made a binding election of remedies by pursuing his claim in Georgia. Concluding that the Georgia dismissal did not address the merits of the employee's claim, the trial court denied the employer's motion. The employer has appealed. Having carefully reviewed the record, we reverse the trial court's decision and remand the case for entry of an order granting the employer's motion for summary judgment.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined, concurring separately. Judge Timothy W. Conner dissented.

Daniel I. Hall and Brian Rife, Bristol, Tennessee, for the employer-appellant, Morristown Driver's Services, Inc.

John A. Willis, Clinton, Tennessee, for the employee-appellee, Charles R. Goodwin

**Factual and Procedural Background**

Charles Goodwin ("Employee"), a Georgia resident, was hired in Tennessee as a driver for Morristown Driver's Services, Inc. ("Employer"), a Tennessee company. On November 3, 2016, Employee was involved in a motor vehicle accident in Tennessee while in the course and scope of his employment. Employer provided emergency medical care in Tennessee and filed a Tennessee First Report of Injury. However, Employer later denied further workers' compensation benefits, asserting Employee did not suffer a compensable injury arising out of his employment. Employee retained counsel in Georgia and, on January 18, 2017, filed a form with the Georgia State Board of Workers' Compensation requesting a hearing to address the payment of medical benefits and temporary disability benefits under the Georgia Workers' Compensation Law.

The parties engaged in extensive discovery in connection with Employee's Georgia claim. Both parties submitted and responded to interrogatories and requests for the production of documents, and Employee responded to Employer's requests for admissions. Further, Employer took Employee's deposition, and Employee took the deposition of Dr. Michael Gorum, Employee's treating neurosurgeon, for the purpose of presenting expert medical proof in the Georgia case.

On October 19, 2017, while his Georgia case was being litigated, Employee filed a petition for benefits in Tennessee. On January 12, 2018, a hearing was conducted in Employee's Georgia claim. At the hearing, Employee sought authorization for treatment of conditions he alleged were caused by the November 2016 accident, temporary total disability benefits, penalties for Employer's alleged late payment of benefits, and attorneys' fees for what Employee contended was an unreasonable defense of his Georgia claim. Employer defended the Georgia case, contending that Employee did not suffer compensable injuries arising out of the November 2016 accident, that its defense of the claim had been reasonable, and that Employee failed to carry his burden of establishing Georgia had subject matter jurisdiction over his claim.

On February 22, 2018, the Georgia State Board of Workers' Compensation issued an order dismissing Employee's Georgia claim for lack of subject matter jurisdiction. The order noted that Employee and Employer's senior safety administrator testified at the hearing and that "[e]ach party tendered medical records and other documentary evidence, all of which were admitted and considered by the [judge]," including "[t]he testimony of Dr. Michael Gorum [that] . . . was offered by deposition." Further, the order noted that "[a]fter the record closed at the conclusion of the hearing, the parties submitted briefs in support of their respective positions," and that "[t]he briefs and the entire record have been considered in formulating this award." The order offered no conclusion as to the

2

compensability of Employee's injury "due to lack of subject matter jurisdiction over the claim." Finally, the order stated that "[f]indings on all issues pertaining to the merits of the Employee's claim were Georgia jurisdiction later to obtain following an appeal of this Award are RESERVED until time of later judicial determination, if necessary." The record is silent as to whether this order was appealed.

Having lost his Georgia claim, Employee, in September 2018, filed an amended petition for benefits in Tennessee. Employer responded by filing a motion for summary judgment and a statement of material facts in accordance with Rule 56 of the Tennessee Rules of Civil Procedure, asserting that the affirmative acts taken by Employee to obtain workers' compensation benefits in Georgia precluded his receiving benefits in Tennessee pursuant to the election of remedies doctrine. Employee responded that, because Georgia declined to exercise jurisdiction, no remedy was available to him in Georgia and, therefore, the election of remedies doctrine did not apply.

In denying Employer's motion, the trial court noted "the parties agree that [Employee] took affirmative action pursuing the Georgia case." However, the court concluded Employee had not been afforded the opportunity to have a hearing on the merits of his case and had "established specific facts [upon which] the Court could base a decision in his favor that the election-of-remedies doctrine does not apply to this case." Employer has appealed.

## Standard of Review

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* at 250.

## Analysis

Initially, we note Employee cites Tennessee Code Annotated section § 50-6-217(a)(3) (2016) (repealed 2017) in support of his argument that the trial court's decision should be affirmed. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions over the past two

3

years, this code section was repealed effective May 9, 2017.[1]  Consequently, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise.  Tenn. Code Ann. § 50-6-239(c)(7).

*Election of Remedies*

The underlying facts of this case are not disputed.  Indeed, Employee's response to Employer's statement of undisputed facts acknowledged that the facts contained in the twenty-three separate statements asserted by Employer were undisputed.  Based on these undisputed facts, Employer asserts on appeal that it "affirmatively negated an element of Employee's claim and/or demonstrated that his evidence was insufficient as a matter of law," and that the trial court erred in declining to apply the election of remedies doctrine to Employee's Tennessee claim.

An employee can waive his or her right to pursue workers' compensation benefits under Tennessee law in circumstances where the employee elects to pursue benefits under the laws of another state.  *See, e.g.*, *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 504 (Tenn. 1996); *Tidwell v. Chattanooga Boiler and Tank Co.*, 43 S.W.2d 221, 223 (Tenn. 1931).  In order to make such an election, the employee must have: "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state."  *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004).  However, the "mere acceptance of benefits" under the laws of another state, without proof that it was a knowing and voluntary acceptance, is insufficient to show a binding election of remedies.  *Perkins v. BE & K, Inc.*, 802 S.W.2d 215, 217 (Tenn. 1990).

---

[1] *See, e.g.*, *McLaurin v. AT&T Services, LLC*, No. 2017-03-1133, 2019 TN Wrk. Comp. App. Bd. LEXIS 6, at *4-5 (Tenn. Workers' Comp. App. Bd. Jan. 31, 2019); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid-Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN. Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transp.*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

4

Here, when Employer denied additional workers' compensation benefits after providing emergency medical treatment to Employee and filing a First Report of Injury in Tennessee, Employee hired a Georgia attorney, filed a claim before the Georgia State Board of Workers' Compensation, and participated in discovery in the Georgia claim before filing a petition for benefits in Tennessee in October 2017. Thereafter, Employee obtained the deposition of the neurosurgeon with whom he had treated for the purpose of presenting evidence in the Georgia claim, and he participated in the hearing of his Georgia case, offering testimony and submitting documentary evidence to support his claim for Georgia workers' compensation benefits. Although he was ultimately unsuccessful in establishing subject matter jurisdiction under Georgia law, the undisputed purpose of the hearing was to address Employee's entitlement to benefits under Georgia's workers' compensation law as a result of the November 2016 motor vehicle accident. In the order addressing the Georgia hearing, the judge offered "no conclusion on the compensability of the Employee's injury under Georgia law due to [a] lack of subject matter jurisdiction over the claim." Nonetheless, the judge stated in the order that "[f]indings on all issues pertaining to the merits of the Employee's claim" were reserved for a later time "were Georgia jurisdiction later to obtain following an appeal."

Based on the actions taken by Employee in pursuit of Georgia workers' compensation benefits, we conclude that Employee "affirmatively acted to obtain benefits in another state" and, therefore, is precluded from pursuing a claim for workers' compensation benefits in Tennessee as a result of the November 2016 motor vehicle accident.

Employee argues that his case is distinguishable from the Tennessee cases applying the election of remedies doctrine in that, because Georgia did not have jurisdiction of his claim, there was no election to be made. Employee relies on *Gray v. Holloway Construction Co.*, 834 S.W.2d 277 (Tenn. 1992) as support for his assertion that pursuing a claim in what ultimately turns out to be the wrong jurisdiction does not implicate the election of remedies doctrine. Employee's case, however, is readily distinguishable from *Gray*.

In *Gray*, the employee suffered an injury in Texas. During the period he was off work recuperating from his injury, he received temporary disability benefits from the employer's workers' compensation carrier. The employee subsequently filed a notice of his claim against the insurance carrier in Texas as required by Texas law. The carrier continued providing benefits until the employee was able to return to work. At that time, the employer sent the employee to work at a construction site in Tennessee. While continuing to work for the employer at the Tennessee worksite, the employee suffered a second injury. After notifying his employer of the second accident, the insurance company that provided benefits for the Texas accident began paying benefits on the claim arising out of the Tennessee accident. However, the insurance carrier did not know the employee's second injury occurred in Tennessee until the employee's attorney filed the

5

second claim in Texas. Because the insurance carrier's coverage did not extend to Tennessee, it ceased paying benefits upon learning the second accident occurred in Tennessee and sent a letter to the Texas Accident Industrial Board and the employee's attorney, which read as follows:

> National Union is not the correct workers' compensation carrier. The [claimant] was injured on 10/3/86 in Columbia, Tennessee. The proper carrier for this location is Royal Insurance . . . in Nashville, Tennessee. . . . This was confirmed by Debra Dicanto, claims manager of Royal Insurance.

*Id.* at 278.

Subsequently, the employee's attorney undertook to negotiate a settlement of the Texas injury claim and turned over the Tennessee accident claim to a Tennessee attorney who timely filed suit in Tennessee against the employer and Royal Insurance. The attorney notified the Texas Board of the Tennessee case and later filed a formal request that the previously scheduled hearing on the claim against National Union that was based on the Tennessee accident be cancelled and "that no action be taken on this case at this time." *Id.*

The Tennessee case was tried, resulting in an award to the employee. The employer appealed, asserting the Tennessee claim was barred by the employee's election to pursue his remedy in Texas. The Tennessee Supreme Court affirmed the award, stating that "the facts do not establish clear grounds for preclusion." *Id.* at 280. Noting that the employee initially received temporary disability benefits from the carrier that provided coverage in Texas, the Court said "those payments were made voluntarily (and, as it turns out, gratuitously), at a time when neither [the employee] nor his attorney knew that National Union was not liable for the [Tennessee] injury, and the insurance company did not know that the injury had occurred outside the geographical limits of its policy." *Id.* at 280-81. Further, the Court stated:

> [N]o payments were ever made by Royal Insurance, and, *more importantly*, no claim was ever filed against Royal Insurance, either with the Texas Industrial Accident Board or in the Texas courts. . . . Because the Texas claim against National Union is legally baseless, it cannot be said to be repugnant to or inconsistent with the [employee's] Tennessee claim against Royal Insurance. Hence, under Tennessee law no "election of remedies" is required and, likewise, none has occurred.

*Id.* at 281 (emphasis added). In discussing the election of remedies doctrine, the Court cited its 1938 decision in *Hudgins v. Nashville Bridge Co.*, 113 S.W.2d 738 (Tenn. 1938) in which it quoted with approval language from a Massachusetts decision: "Where

inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief . . . the assertion of one claim which turns out to be unsound, *so long as it goes no further*, is simply a mistake. It is not and does not purport to be a final choice, nor an election." *Id.* at 281-82 (emphasis in original). Identifying "the more defensible policy basis" for the election of remedies doctrine to be "the prevention of vexati[ous] litigation, of forum shopping, and of double recoveries for the same injury," the Court stated the injured employee's Tennessee claim "was mistakenly filed against the *wrong* party, National Union, in the *wrong* jurisdiction, Texas. *Id.* at 282 (emphases in original).

By contrast in this case, however, no such mistakes were made. Employer's only provision of workers' compensation benefits was made pursuant to Tennessee law. Employee was fully aware that Tennessee was a possible jurisdiction and chose to pursue benefits in another state. Indeed, Employee filed his initial petition in Tennessee after instituting his claim in Georgia. His efforts to obtain benefits in Georgia were not limited to merely filing a Georgia claim; rather, his efforts went *much* further. He and his Georgia counsel fully participated in the Georgia process, going so far as to engage in extensive discovery and participate in the hearing at which Employee offered testimony and documentary evidence in support of his Georgia claim while knowing Employer contested whether Georgia had jurisdiction over the claim. The fact that a decision was not rendered on the merits of the claim does not mean that the hearing itself was not designed to address them. Jurisdiction is a threshold issue, and, if it does not exist, all other issues are pretermitted. *See, e.g.*, *In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). Here, Employee was faced with two possible jurisdictions in which he could pursue workers' compensation benefits, and he knowingly elected to pursue those benefits in a Georgia forum. Under the facts and circumstances as presented in the record, Employee's failure to establish jurisdiction under the Georgia workers' compensation law does not insulate the case from the application of the election of remedies doctrine in Tennessee.

### Conclusion

For the foregoing reasons, we reverse the trial court's decision denying Employer's motion for summary judgment and remand the case for an order granting Employer summary judgment. Each party shall bear its own costs on appeal.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Charles R. Goodwin | ) | Docket No. 2017-03-1235 |
| | ) | |
| v. | ) | State File No. 80097-2017 |
| | ) | |
| Morristown Driver's Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

Marshall L. Davidson, III, Presiding Judge, concurring.

I agree with the lead opinion that the trial court should have granted the motion for summary judgment based on the election of remedies doctrine. I write separately to explain why.

First, it is important that this case be considered in its proper factual and procedural context. Specifically, the plaintiff chose to pursue his claim in another state while knowing he could have done so in Tennessee where he was injured. He did not make a mistake, did not sign or file documents without adequate knowledge, and did not make choices about where to sue without the benefit of counsel. He was not misled, tricked, or the victim of a trap. Much to the contrary, the plaintiff knowingly and with the advice of counsel took affirmative steps, including extensive discovery and a trial, to pursue his rights in another jurisdiction. Even the trial court acknowledged "the parties agree that [the plaintiff] took affirmative action pursuing" his litigation elsewhere.

Second, while the dissent relies heavily on *Gray v. Holloway Construction Co.*, 834 S.W.2d 277 (Tenn. 1992), a more recent case, *Eadie v. Complete Co.*, 142 S.W.3d 288 (Tenn. 2004), is more analogous to this case. In *Eadie*, the Tennessee Supreme Court found that a plaintiff's claim was barred by the election of remedies doctrine because the plaintiff "actively initiated proceedings seeking to obtain benefits by filing a claim in [another state], request[ed] a hearing, and participat[ed] in depositions in that matter." *Eadie*, 142 S.W.3d at 291. These actions were deemed by the Court to be "affirmative conduct constituting a binding election of remedies." *Id.* This case is a similar, if not a more compelling example, for applying the election of remedies rule, and the result should be the same.

Third, the plaintiff took a calculated risk that his suit in another state would be unsuccessful, the same risk any litigant takes when suing in multiple jurisdictions seeking the most advantageous recovery possible. Having made the strategic choice of where to file and fully litigate his claim, with the advice of counsel no less, the plaintiff should not now be permitted to retreat to Tennessee's legal system for a new round of litigation.[1]

Fourth, contrary to the dissent's view, the election of remedies doctrine is not driven by the outcome of the foreign proceeding but, rather, by the actions of the plaintiff in choosing the jurisdiction in which to litigate and then taking affirmative steps to do so. *Eadie*, 142 S.W.3d at 291 (observing that it is unnecessary for an employee to receive benefits in another state but, rather, affirmatively act to obtain benefits in the other state). The dissent ignores the plaintiff's conduct in taking affirmative steps to pursue a recovery elsewhere, including hiring counsel, filing suit, undertaking extensive discovery, obtaining expert medical proof, requesting a hearing, filing briefs, and presenting both lay and expert testimony at a trial. If, under these circumstances, a party may simply start anew in Tennessee, the election of remedies principle would, practically speaking, be limited to a small subset of cases in which the plaintiff receives an adverse judgment following a trial.

Fifth, adopting the dissent's position would incentivize forum shopping, and do so on the novel theory that a recovery should be made available to litigants *somewhere*, irrespective of their actions. Under the dissent's view, for example, a party could bring suit in any number of states in search of the most advantageous recovery possible and, after being rebuffed by each one for any host of possible reasons, turn to Tennessee's legal system as a last resort. Such a system is hardly consistent with a fair and efficient workers' compensation system as mandated by Tennessee Code Annotated section 4-3-1409(b)(2)(A).

Sixth, the dissent argues that the plaintiff's suit should be allowed to go forward because the purpose of the election of remedies doctrine is to prevent a double recovery. The dissent fails to recognize, however, that the election of remedies doctrine is also aimed at preventing forum shopping and vexatious litigation. *Eadie*, 142 S.W.3d at 291; *Gray,* 834 S.W.2d at 282. Again, the plaintiff here pursued his claim in another jurisdiction to the point of trying his case. The election of remedies doctrine is designed to prevent duplicative litigation, not promote it.

Finally, the dissent makes the point that the plaintiff may not recover if he is not permitted to pursue his claim in Tennessee. Not only can this argument be made in most any election of remedies case, it overlooks the fact that this is the direct result of strategic

---

[1] The defendant argues that requiring it to conduct discovery in Georgia, obtain medical evidence, participate in depositions, brief the issues, and present its evidence and arguments at trial before a Georgia court, only to then have to do the same in Tennessee runs contrary to the purpose of the election of remedies doctrine. I agree.

choices made by the plaintiff to pursue benefits in a jurisdiction he apparently thought would produce the most favorable recovery.

In short, the plaintiff made an informed and calculated decision to litigate elsewhere to secure the most advantageous recovery possible, and took affirmative steps to do so, even to the point of trying his case there. Thus, the motion for summary judgment should have been granted.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Charles R. Goodwin | ) | Docket No.  2017-03-1235 |
| | ) | |
| v. | ) | State File No.  80097-2017 |
| | ) | |
| Morristown Driver's Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

Timothy W. Conner, Judge, dissenting.

In my view, the result reached by the majority in this case hinges on an unduly strict and unnecessarily harsh interpretation of Tennessee's election of remedies doctrine that leaves this injured worker without a remedy.  Because I find the majority's interpretation of prior Tennessee precedent to be counter to the administration of a "fair, equitable, [and] expeditious" workers' compensation system, as mandated by Tennessee Code Annotated section 4-3-1409(b)(2)(A), I respectfully dissent.

First, a binding election of remedies cannot occur unless the facts indicate there was "more than one remedial form available" to the litigant.  *Barger v. Webb*, 391 S.W.2d 664, 666 (Tenn. 1965).  As explained by Professor Larson in his treatise:

> [A]n election of a remedy which proves to be nonexistent is no election at all.  Election . . . is a choice between two *valid but inconsistent remedies*; it is not the mistaken pursuit of a misconceived right when only one right in fact existed. . . . Unquestionably, the majority rule is the only view that effectuates the purpose of the legislation, whatever arguments may be raised against it based on literal wording of statutes or on the technical application of the election doctrine at some stages of the common law. Workers' compensation is above all a security system; a strict election doctrine transforms it into a grandiose sort of double-or-nothing gamble.

9 Lex K. Larson, *Larson's Workers' Compensation Law* § 102.03 (Matthew Bender, Rev. Ed.) (emphasis added).  In the present case, a Georgia workers' compensation adjudicator concluded Georgia law provided no remedy to this injured worker due to the lack of

subject matter jurisdiction. Thus, with no remedy available in Georgia, it is incongruous to conclude this injured worker made a binding election to pursue a remedy in Georgia.

Second, Employer has achieved the anomalous but impressive result of arguing in Georgia that there was no remedy available due to a lack of jurisdiction, then arguing in Tennessee that this injured worker made a binding election by pursuing a remedy in Georgia. Such a result is counter to a fair and equitable administration of Tennessee's workers' compensation system and flies in the face of common sense.

Third, and most importantly in my opinion, there has been no adjudication of Employee's claim on the merits, either in Georgia or in Tennessee. Courts of this state have long expressed a preference for deciding cases on the merits. *See, e.g.*, *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003); *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991). Moreover, in one of the cases cited by the majority, *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503 (Tenn. 1996), the Supreme Court noted that an important basis for barring the employee's Tennessee claim based on an election of remedies was that "he had pursued his claim *to a conclusion on the merits in the state of Maryland.*" *Id.* at 504 (emphasis added). The Court further emphasized that "the fact that the Maryland claim was denied *on the merits* does not protect him" from application of the election of remedies doctrine. *Id.* at 508 (emphasis added). There has been no such adjudication in this case.

In *Gray v. Holloway Construction Co.*, 834 S.W.2d 277 (Tenn. 1992), the Tennessee Supreme Court addressed the application of the election of remedies doctrine in circumstances similar to the facts in the present case.[1] As discussed in the majority opinion, the employee in *Gray* suffered two work-related injuries while working for the same employer: the first in Texas and the second in Tennessee. *Id.* at 277. Following the Tennessee injury, the employee began receiving benefits for the second claim from the same insurer that was covering his first claim. *Id.* at 278. After the employee filed his second claim with the Texas Industrial Accident Board, the insurer realized it did not provide coverage for a Tennessee injury and ceased making payments. *Id.* Thereafter, the employee's Texas attorney referred him to a Tennessee law firm, which filed a complaint in Tennessee. *Id.* The defendant argued the employee's Tennessee claim was barred because he had elected his remedy by filing his second claim with the Texas Industrial Accident Board. *Id.*

In rejecting the application of the election of remedies doctrine in *Gray*, the Tennessee Supreme Court first noted a number of cases in which the election of remedies doctrine barred a Tennessee claim in circumstances where the employee pursued *and*

---

[1] In the majority opinion, my colleagues conclude that *Gray* is "readily distinguishable" from the present case. I respectfully disagree. Instead, I find the cases on which the majority relies distinguishable, and I believe the Supreme Court's opinion in *Gray* more closely aligns to the facts of the present case.

*received* benefits in another state. *See, e.g.*, *Tidwell v. Chattanooga Boiler & Tank Co.*, 43 S.W.2d 221, 222 (Tenn. 1931) (widow sought and received an award in Ohio before pursuing benefits in Tennessee); *Perkins v. BE & K, Inc.*, 802 S.W.2d 215, 217 (Tenn. 1990) (employee signed an "Agreement for Compensation" and received Virginia benefits before pursuing a claim in Tennessee); *True v. Amerail Corp.*, 584 S.W.2d 794, (Tenn. 1979) (employee sought and received benefits in Virginia before pursuing Tennessee benefits). The Court then noted that

> [t]he common thread in *Perkins* and *Tidwell* – cases in which recovery in Tennessee was held to be precluded – is the fact that workers injured in other jurisdictions had *both filed out-of-state claims* <u>and</u> *received awards in those courts or entered into settlements approved by industrial commissions in those states*.

*Id.* at 280 (emphasis added).[2] In concluding there was no binding election of remedies in *Gray*, the Supreme Court explained, "[b]ecause the Texas claim . . . is legally baseless, it cannot be said to be repugnant to or inconsistent with the plaintiff's Tennessee claim." *Id.* at 281. The Court then expounded on its rationale for this decision:

> Where the victim of a wrong has at his command inconsistent remedies and he is doubtful which is the right one, in the absence of facts creating an equitable estoppel, he may pursue any or all of them until he recovers through one, since *the prosecution of a wrong remedy to defeat will not estop him from subsequently pursuing the right one*. A party is not required to select his procedure at his peril. This rule has been applied to actions where it is doubtful whether the remedy of plaintiff is under the employer's liability act or at common law, and is equally *applicable where the question relates to remedies afforded by the statutes of different sovereign powers*, each exclusive within its own domain.

*Id.* (emphases in original) (quoting *Hudgins v. Nashville Bridge Co.*, 113 S.W.2d 738, 739 (Tenn. 1938)). The Court went even further in rejecting an indiscriminate application of the election of remedies doctrine under such circumstances:

> Where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief . . . the assertion of one claim which turns out to be unsound, *so long as it goes no further, is simply a mistake*. It is not and does not purport to be a final choice, nor an election.

---

[2] I do not intend to suggest that a claimant must receive benefits in another state for the election of remedies doctrine to apply; rather, I believe Employee should receive an adjudication of his claim on the merits. A claim filed in a state that cannot exercise jurisdiction is no election at all.

*Id.* at 281-82 (quoting *Hudgins*, 113 S.W.2d at 740) (emphasis added).[3]

In the present case, Employee filed a claim in Georgia, but that claim went no further than a determination by a Georgia adjudicator that subject matter jurisdiction did not lie in Georgia. The adjudicator in Georgia expressly reserved any determination on the merits of Employee's claim. Thus, in my view, his Georgia claim was deemed baseless, as was the Texas claim in *Gray*.[4]

Finally, the Supreme Court in *Gray* noted:

> The palpable if unspoken principle underlying our decision in *Perkins* was a perceived need to guard against unfair manipulation of the Tennessee legal system and a possible double recovery by an injured worker *who has already secured an adequate compensation in another jurisdiction*. That concern remains a valid one. Nevertheless, to invoke the ruled applied in *Perkins* to [this employee's] case would produce just the opposite result – instead of a double recovery, there would be no recovery at all. Clearly that result would constitute a perversion of an otherwise sound policy developed in the line of cases culminating in *Perkins*.[5]

*Id.* at 282 (emphasis added); *see also Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 906 (Tenn. 1999) ("the purpose of the [election of remedies] doctrine is to prevent double redress for a single wrong"). In my view, the majority's decision to leave Employee with no opportunity to have the merits of his claim considered, and no chance for a remedy at all, strikes at the heart of a fair and impartial workers' compensation system, and is an unnecessarily strict interpretation of the election of remedies doctrine given the Tennessee Supreme Court's decision in *Gray*. I therefore dissent.

---

[3] The majority argues that Employee's decision to pursue a claim in Georgia was no mistake. Yet, Employee's belief that the State Board of Workers' Compensation in Georgia would exercise subject matter jurisdiction over his claim was wrong — that is, by definition, a mistake.

[4] In *Eadie v. Complete Co.*, 142 S.W.3d 288 (Tenn. 2004), the case on which the defendant and my concurring colleague rely, the Supreme Court was neither asked to address, nor did it address, whether the employee's claims filed in other jurisdictions were baseless. In fact, the employer sought summary judgment in the Tennessee claim before the other claims were adjudicated. *Id.* at 290. Moreover, the Supreme Court specifically noted that none of the claims filed in jurisdictions other than Tennessee had been denied. *Id.* at 291. Thus, there had been no determination in *Eadie* that the employee's claims in other states were "baseless." I do not find the opinion in *Eadie* dispositive of this case.

[5] In his concurrence, my colleague concludes that I have ignored other purposes of the election of remedies doctrine, including avoiding forum-shopping and preventing vexatious litigation. I am not disregarding those goals, but instead, like the Supreme Court in *Gray*, I am weighing them against an interpretation of the election of remedies doctrine that prevents a claimant from ever having the merits of his claim considered. My opinion would be different had the adjudicator in Georgia denied Employee's claim on the merits and then Employee attempted to re-litigate his case in Tennessee.

4



| | | |
|---|---|---|
| Charles R. Goodwin | ) | Docket No.  2017-03-1235 |
| | ) | |
| v. | ) | State File No.  80097-2017 |
| | ) | |
| Morristown Driver's Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of July, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| John A. Willis | | | | | X | johnwillis@foxandfarleylaw.com |
| Brian Rife | | | | | X | brife@midkifflaw.com |
| Daniel I. Hall | | | | | X | dhall@midkifflaw.com |
| Lisa A. Lowe, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov