IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 3, 2021 Session

**AMY FROGGE ET AL. V. SHAWN JOSEPH ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 20-420-III          Ellen Hobbs Lyle, Chancellor**
———————————————————

**No. M2020-01422-COA-R3-CV**
———————————————————

W. NEAL MCBRAYER, J., concurring.

This is an appeal from the chancery court's grant of summary judgment to the plaintiffs, elected officials who serve on the Metropolitan Nashville Board of Public Education ("the Board"). In response to the motion for summary judgment, the defendants, the Board and Metro's former director of schools, Dr. Shawn Joseph, relied on arguments they made in unsuccessful motions to dismiss. Although the majority reviews and rejects the defendants' arguments that the plaintiffs lacked standing and that their claims were not ripe, the court does not review the grant of summary judgment. I agree with the court's conclusions on both standing and ripeness. But I write separately because the scope of the court's review was too narrow.

Our supreme court defines "scope of review" as "the issues that may be reviewed by an appellate court when an order or judgment has been properly appealed." *Hodge v. Craig*, 382 S.W.3d 325, 334 n.2 (Tenn. 2012) (citing *Holt v. 2011 Legislative Reapportionment Comm'n*, 38 A.3d 711, 738 (Pa. 2012); Kelly Kunsch, *Standard of Review (State and Federal): A Primer*, 18 SEATTLE U.L. REV. 11, 13 (1994)). The court concludes that the Board "fairly rais[es] the following issues: (1) Did the trial court err by not dismissing this case for lack of standing or ripeness; and (2) Did the trial court err by not dismissing this case for failure to state a claim under the [Public Employee Political Freedom Act of 1980]." Dr. Joseph raises one issue: "Whether Plaintiffs may prevail on a motion for summary judgement in a §1983 action without establishing that they suffered an injury in fact or that their claims can be redressed by the requested relief." In a footnote, the court "note[s] that[,] if these limited issues are resolved in Plaintiffs' favor on appeal, the decision of the trial court will be affirmed without reaching the host of substantive issues raised in Plaintiffs' motion for summary judgment."

In an appeal, "[r]eview generally . . . extend[s] only to those issues presented for review." TENN. R. APP. P. 13(b). Party control over issue presentation is considered a defining characteristic of the American adversarial system. *See United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., dissenting). It also serves as an important restraint on judicial power "by preventing courts from setting their own agendas, as is the prerogative of the legislature." Amanda Frost, *The Limits of Advocacy*, 59 DUKE L.J. 447, 460 (2009). So I have no objection to the court's focus on the issues presented by defendants.

But scope of review also "refers to the matters (or 'what') the appellate court is permitted to examine." *See Hodge*, 382 S.W.3d at 334 n.2 (quoting *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1160 n.11 (Pa. 2010)). For cases decided on summary judgment, "an appellate court must review the record without a presumption of correctness to determine whether the absence of genuine and material factual issues entitles the moving party to judgment as a matter of law." *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004). Stated another way, when reviewing a grant of summary judgment, our task is "to review[ ] the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met." *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). In my view, by focusing only on the defenses raised to the plaintiffs' motion for summary judgment, the court has neglected its responsibility to determine whether the record shows that the requirements of Rule 56 were met.

Here, the chancery court concluded that there was "no material dispute that the Nondisparagement Clause contained in the Severance Agreement . . . does not promote a compelling governmental interest, that it is unconstitutional, and that is an overbroad and unenforceable speech restriction." Based on my review of the record, I conclude the same.

 

 

       s/ W. Neal McBrayer
       W. NEAL MCBRAYER, JUDGE