IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2019 Session

## GEORGE E. MILLER ET AL. v. TRH HEALTH INSURANCE COMPANY ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 16-11-368      Telford E. Forgety, Jr., Chancellor**

_____

**No. E2017-02049-COA-R3-CV**

_____

An insured sued his health insurance provider, seeking damages for breach of contract and bad faith refusal to pay valid insurance claims after coverage was denied for medical expenses related to the removal of a kidney stone. The defendants moved for summary judgment based on a benefit exclusion rider to the insurance contract that excluded coverage for treatment, surgery, or expenses related to kidney stones. The trial court rejected the insured's argument that the exclusion rider did not apply and granted summary judgment to the defendants. Because the defendants were entitled to a judgment of dismissal as a matter of law based on the undisputed facts, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON II, JJ., joined.

Douglas E. Taylor, Seymour, Tennessee, for the appellants, George E. Miller and Donna Miller.

Thomas L. Kilday, Greeneville, Tennessee, for the appellees, TRH Health Insurance Company and BlueCross BlueShield of Tennessee, Inc.

# OPINION

## I.

### A.

In October 2012, George Miller developed a fever with severe abdominal pain. His primary care physician, Dr. Steven Johnson, initially treated him with IV fluids for dehydration. Tests later revealed Mr. Miller was suffering from both a staph infection and a 2.5 centimeter kidney stone. So Dr. Johnson referred Mr. Miller to Dr. Paul Hatcher, a urologist, for treatment.

Dr. Hatcher diagnosed Mr. Miller with a recurrent right renal stone. He recommended lithotripsy to remove the kidney stone and blood work. Before the kidney stone was removed, Dr. Hatcher prescribed antibiotics and ordered the insertion of a drainage tube. Dr. Hatcher then removed the kidney stone using percutaneous ultrasonic lithotripsy. Mr. Miller tolerated the procedure well and was released from Dr. Hatcher's care by the beginning of November.

Mr. Miller had health insurance through the Tennessee Rural Health Improvement Association ("TRH"). The health insurance contract included a benefit exclusion rider specific to Mr. Miller. Based on his previous history, the rider excluded coverage for "any treatment, surgery or expenses relating to kidney stone, gravel or colic of the urinary system" for seven years.

Following Mr. Miller's treatment, his health care providers submitted claims for payment of medical expenses. Citing the benefit exclusion rider, TRH refused to pay any claims for medical expenses associated with treatment or surgery related to the kidney stone. TRH paid all other claims.

### B.

Mr. and Mrs. Miller[1] sued TRH and BlueCross BlueShield of Tennessee, Inc., the administrator for the health insurance plan, (collectively "TRH") in the Chancery Court for Sevier County, Tennessee. The complaint alleged that coverage was wrongfully denied because Mr. Miller's "treatment for the kidney stones was necessary as a result of the infection." Among other things, the Millers sought damages for breach of contract, bad faith, and bad faith refusal to pay a legitimate insurance claim.

---

[1] Donna Miller was the named insured in the insurance contract.

Based on the benefit exclusion rider, TRH moved for summary judgment. As required by Rule 56.03 of the Tennessee Rules of Civil Procedure, TRH filed a statement of undisputed material facts with specific citations to the record. TRH also filed excerpts from the depositions of Mr. Miller, Dr. Hatcher, and Dr. Ian Hamilton, corporate medical director for BlueCross BlueShield, and a declaration from Stephanie McKinney, an underwriter for TRH.

The Millers contended that summary judgment was unwarranted because the benefit exclusion rider did not apply on these facts. Conceding that all but two facts relied on by TRH were undisputed, they maintained that these two facts plus certain additional facts demonstrated a genuine issue for trial. In their response to the motion for summary judgment, the Millers relied on affidavits from Mr. Miller and Dr. Johnson and additional excerpts from Dr. Hatcher's deposition.

The trial court granted TRH's motion and dismissed the complaint. Based on the undisputed facts, the court found that the unpaid medical expenses incurred by Mr. Miller for which suit had been brought fell within the benefit exclusion rider and were not covered under the health insurance contract.

## II.

### A.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Id.*

Here, the party moving for summary judgment does not bear the burden of proof at trial. Thus, the burden of production on summary judgment could be satisfied "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015); *see also* Tenn. Code Ann. § 20-16-101 (Supp. 2018). Satisfying this burden requires more than a "conclusory assertion that summary judgment is appropriate," rather the movant must set forth specific material facts as to which the movant contends there is no dispute. *Rye*, 477 S.W.3d at 264.

3

If a motion for summary judgment is properly supported, the nonmoving party must then come forward with something more than the allegations or denials of its pleadings. *Id.* at 265. The nonmoving party must "by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* (quoting Tenn. R. Civ. P. 56.06).

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we must review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

B.

As a threshold matter, we address the Millers' concerns about the content of the record on appeal. In the court below both sides filed excerpts from depositions taken in a previous action between the same parties.[2] After filing their notice of appeal, the Millers asked the trial court to include the complete depositions with attached exhibits from the previous case in the record on this appeal. The court denied their request. The court also denied a later motion to reconsider.

The Millers' challenge is two-fold. First, they maintain that the full depositions are necessary to provide "context" to the deposition excerpts. But the Millers had the opportunity to file the full depositions with the trial court before the court reached its decision. *See Byrd*, 847 S.W.2d at 211 (explaining the responsibility of the nonmoving party on summary judgment). As this is a problem of their own making, they are not entitled to relief on this basis. *See* Tenn. R. App. P. 36(a).

Second, they contend that "it is not possible to know" to what extent information from the first case influenced the trial court's decision on summary judgment. The Millers have not pointed to any specific facts relied on by the trial court in granting summary judgment that are not supported by information in this record. *See* Tenn. R. Civ. P. 56.04 (restricting decisions on summary judgment to information on file).

---

[2] The Millers' first action against these defendants was dismissed without prejudice shortly before trial.

4

We find no error in the trial court's refusal to supplement the record on appeal. *See* Tenn. R. App. P. 24(e) ("Absent extraordinary circumstances, the determination of the trial court is conclusive."). The record on appeal should be limited to those materials listed in Tennessee Rule of Appellate Procedure 24(a) and any other materials "necessary to convey a fair, accurate and complete account of what transpired in the trial court." Tenn. R. App. P. 24(g). The full depositions from the prior action were not a part of the record when the trial court ruled on the summary judgment motion, and in its ruling, the trial court did not rely on parts of the depositions not excerpted by the parties. *See* Tenn. R. Civ. P. 56.04. The Millers have not shown why the full depositions transcripts are necessary for a fair, accurate, and complete record for this appeal. *See* Tenn. R. App. R. 24(g).

## C.

The Millers' case turns on whether the unpaid claims were excluded from coverage by the benefit exclusion rider in the health insurance contract.[3] The extent of insurance coverage is a question of law, which we review de novo with no presumption of correctness. *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). As with all contracts, we strive to give effect to the intent of the parties. *Id.* We give the words used their plain and ordinary meaning. *Id.* In the absence of fraud or mistake, we will enforce the contract as written. *Standard Fire Ins. Co. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 7-8 (Tenn. Ct. App. 1998).

The benefit exclusion rider specifically excluded coverage for medical expenses relating to "any treatment, surgery or expenses relating to kidney stone, gravel or colic of the urinary system" for seven years. Although Mr. Miller did not recall receiving copies of the benefit exclusion rider, he was aware of the exclusion. And he conceded that the unpaid bills that are the subject of this lawsuit are related to his kidney stone treatment in October 2012.

TRH established that Dr. Hatcher was asked to see Mr. Miller for a 2.5 centimeter kidney stone. In Dr. Hatcher's medical opinion, the kidney stone needed to be treated. Most importantly, he agreed that "the treatment [he] afforded to Mr. Miller during this period of time in 2012, as well as the diagnosis and lab studies and things of that nature

---

[3] The Millers argue for the first time on appeal that the health insurance contract was a contract of adhesion and the benefit exclusion rider was unconscionable. "[I]ssues not raised in the trial court cannot be raised for the first time on appeal." *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Although the Millers attempt to recast their arguments before the trial court as including unconscionability, our review of the record does not support the contention that the issue was properly raised. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 32 (Tenn. 2001) ("We are of the opinion that there is little difference between an issue improperly raised before the trial court at the last minute and one that was not raised at all.").

[that he ordered was] treatment, surgery or expenses relating to a kidney stone, gravel or colic of the urinary system."

Dr. Hamilton reviewed the claims submitted for Mr. Miller's treatment in October 2012 and determined that the vast majority of the claims were for diagnosis codes excluded by the benefit exclusion rider. TRH did not pay any claims submitted by health care providers for treatment that included diagnostic codes related to kidney stones. All other claims were paid.

Faced with a fully supported motion for summary judgment, the Millers had the responsibility to "demonstrate, by affidavits or discovery materials, that there [wa]s a genuine, material fact dispute to warrant a trial." *Byrd*, 847 S.W.2d at 211. The Millers argued that the rider did not specifically exclude treatment for kidney stones when necessary to treat another medical condition, such as an infection. They submitted affidavit testimony from Mr. Miller and Dr. Johnson that Mr. Miller was treated for an infection. And they relied heavily on Dr. Hatcher's deposition testimony that "when one has kidney stones and a urinary tract infection, the urinary tract infection adheres to the stone if the infections are in the kidneys and the infection cannot be cleared unless the stone is treated and removed."

But a factual dispute over the reason for the kidney stone removal does not preclude the grant of summary judgment. *See Rye*, 477 S.W.3d at 251-52 (explaining that not all facts are material and not all factual disputes are genuine for purposes of Rule 56). The language of the benefit exclusion rider is clear. Mr. Miller's health insurance contract did not provide coverage for "treatment, surgery or expenses related to a kidney stone." The underlying medical reason for the kidney stone removal is not material for purposes of summary judgment. A factual dispute is only "material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. Although the treatment may have been for a urinary tract infection, the unpaid claims were for medical expenses related to kidney stones. As a result, those claims were excluded from coverage.

## III.

Based on the undisputed facts, the health insurance contract did not provide coverage for the unpaid claims related to Mr. Miller's treatment in October 2012. The trial court properly granted summary judgment to the defendants and dismissed the complaint. So we affirm.

_____
W. NEAL MCBRAYER, JUDGE

6