FILED

12/12/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2019 Session

## KENNETH RAY McELROY ET AL. v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL.

**Appeal from the Circuit Court for Hamilton County**
No. 15C1479          Ward Jeffrey Hollingsworth, Judge

_____

### No. E2018-01038-COA-R3-CV

_____

An insured sued for breach of contract after his insurance company denied payment for a surgical procedure. The insurance company moved for summary judgment, arguing that the insured could not establish a breach of contract because the procedure was excluded from coverage in the medical benefits plan. The trial court granted summary judgment to the insurance company and dismissed the complaint. Because the insurance company was entitled to a judgment of dismissal as a matter of law based on the undisputed facts, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON II, JJ., joined.

Kent T. Jones, Cleveland, Tennessee, for the appellants, Kenneth Ray McElroy and Janet McElroy.

D. Scott Bennett and Mary C. DeCamp, Chattanooga, Tennessee, for the appellees, Connecticut General Life Insurance Company d/b/a Cigna Healthcare, Inc. and John Does.

# OPINION

## I.

### A.

On June 18, 2013, Kenneth Ray McElroy had a 50-pound growth removed from his abdominal region. Mr. McElroy was covered by a medical benefits plan provided by the Hamilton County Department of Education. After his surgeon's claim for payment was denied, Mr. McElroy and his wife filed suit against Connecticut General Life Insurance Company ("Cigna"), the third-party administrator of the plan, and others in the Circuit Court for Hamilton County, Tennessee, seeking damages for breach of contract and various torts.

According to the complaint, Mr. McElroy's lower abdomen began to swell after he began a new diabetes treatment in 2006. By 2012, the growth weighed approximately fifty pounds and extended to his knees. The excess weight adversely impacted his back and lower extremities. He also developed skin infections in the affected area. Antibiotic treatments provided only temporary relief. Recurrent infections led to multiple areas of dead tissue. Due to his physical condition, he was unable to work or enjoy time with family.

His physicians recommended surgical removal of the excess growth. But Cigna refused several preauthorization requests for the recommended procedure. Cigna maintained that the medical benefits plan excluded payment for a panniculectomy, the medical term for the requested procedure. So his physicians continued to treat him with antibiotics, albeit with limited success.

In 2013, his physicians reconsidered surgical options. Dr. Vincente Mejia determined that a panniculectomy was necessary to treat his recurrent infections. Dr. Mejia described a panniculectomy as the "removal of a large amount of the pannus, which is basically . . . [o]vergrowth of the skin and subcutaneous tissues in the lower abdomen." On June 18, 2013, Dr. Mejia removed fifty pounds of skin and subcutaneous tissue from Mr. McElroy's lower abdomen.

After the surgery, Mr. McElroy's health care providers submitted claims for his medical expenses to Cigna. Cigna paid some claims. But Cigna refused to authorize payment for the panniculectomy.

B.

Cigna moved for summary judgment. The company argued, among other things, that the McElroys could not establish a claim for breach of contract because the medical benefits plan excluded payment for Mr. McElroy's procedure. As required by Rule 56.03 of the Tennessee Rules of Civil Procedure, Cigna filed a statement of undisputed material facts with specific citations to the record. Cigna also supported its motion with affidavits, excerpts from depositions, and other evidence in the record. The McElroys, in turn, filed multiple affidavits, depositions, and other materials in opposition to the motion.

The trial court granted Cigna's motion for summary judgment and dismissed the complaint. The court found that the language of the medical benefits plan was clear and unambiguous. The plan excluded payment for all panniculectomies, regardless of clinical indication. And Dr. Mejia submitted a claim for payment for a panniculectomy. So the McElroys could not establish a breach of contract. The court then considered the other causes of action in the complaint and dismissed them as well.

**II.**

A.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Id.*

Here, the party moving for summary judgment does not bear the burden of proof at trial. Thus, the burden of production on summary judgment could be satisfied "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015); *see also* Tenn. Code Ann. § 20-16-101 (Supp. 2019). Satisfying this burden requires more than a "conclusory assertion that summary judgment is appropriate," rather the movant must set forth specific material facts as to which the movant contends there is no dispute. *Rye*, 477 S.W.3d at 264.

If a motion for summary judgment is properly supported, the nonmoving party must then come forward with something more than the allegations or denials of its pleadings. *Id.* at 265. The nonmoving party must "by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* (quoting Tenn. R. Civ. P. 56.06).

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we must review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

B.

The trial court granted Cigna summary judgment on all claims. But on appeal we are only concerned with the claim for breach of contract.[1] Insurance policies are contracts. *Powell v. Clark*, 487 S.W.3d 528, 534 (Tenn. Ct. App. 2015). "In a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011).

The extent of insurance coverage is a question of law, which we review de novo with no presumption of correctness. *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). Our goal is to give effect to the intent of the parties, as expressed in the insurance policy. *Id.* We give the words used their plain and ordinary meaning. *Id.* In the absence of fraud or mistake, we will enforce the contract as written. *Standard Fire Ins. Co. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998).

Cigna presented evidence that it complied with the provisions of the medical benefits plan. The plan specifically excluded payment for a list of procedures, including a panniculectomy, "regardless of clinical indication." Emily Russell, a claims specialist for Cigna, explained that Mr. McElroy's physicians requested preauthorization for a panniculectomy. The preauthorization requests used the CPT code[2] for a

---

[1] The McElroys' appellate brief only contains argument on the breach of contract claim. We deem any issues regarding the trial court's grant of summary judgment on the remaining claims waived. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 614-15 (Tenn. 2010) (citing Tenn. R. App. P. 27(a)).

[2] In 1966, the American Medical Association published the first edition of Current Procedural Terminology, a standardized coding system for reporting medical, surgical, and diagnostic procedures and

4

panniculectomy. And the physicians described the procedure in terms that were consistent with a panniculectomy. Cigna denied the preauthorization requests because the requested procedure was excluded from coverage.

In June 2013, Cigna approved a preauthorization request for an inpatient admission to treat Mr. McElroy's skin infections. During this admission, Dr. Mejia performed surgery on Mr. McElroy. Cigna approved all claims for payment of Mr. McElroy's medical expenses during this admission as long as the expenses were covered in the plan. Among other things, Cigna approved payment for pre- and post-operative examinations, imaging, laboratory testing, anesthesia services, wound care, and other inpatient treatment. But Dr. Mejia's office submitted a claim for payment for his services using the CPT code for a panniculectomy. Relying on the exclusion, Cigna denied payment for the panniculectomy.

Initially, the McElroys contend that a factual dispute exists as to whether panniculectomies were excluded from coverage in previous versions of the medical benefits plan. But there is no evidence in the record to support this argument. They cannot create a factual dispute through mere speculation. *See Rye*, 477 S.W.3d at 265 (explaining that "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))).

Next, the McElroys attempt to create a factual dispute by highlighting the severity of Mr. McElroy's condition and the medical necessity for his procedure. Unfortunately, the reason for the procedure is immaterial here. The plan specifically excludes payment for all panniculectomies "regardless of clinical indication." And this exclusion cannot be read as limited to cosmetic procedures. Cosmetic procedures are addressed in a separate exclusion provision. *See Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999) (directing courts to construe contract provisions harmoniously); *Standard Fire Ins. Co.*, 972 S.W.2d at 7 ("Insurance policies should be construed as a whole in a reasonable and logical manner.").

The evidence relied on by the McElroys does not preclude the grant of summary judgment. *See Rye*, 477 S.W.3d at 251-52 (explaining that not all facts are material and not all factual disputes are genuine for purposes of Rule 56). The plan is unambiguous. Payment for a panniculectomy is excluded regardless of the circumstances involved. Dr. Mejia agreed that he performed a panniculectomy. His office billed for his services

---

services. Peggy Dotson, *CPT® Codes: What Are They, Why Are They Necessary, and How Are They Developed?* 2 Advances Wound Care 583, 583 (2013). The CPT system "is the preferred system for coding and describing healthcare services and procedures in federal programs (Medicare and Medicaid) and throughout the United States by private insurers and providers of healthcare services." *Id.* at 584.

under the CPT code used for a panniculectomy. Cigna denied payment only for those services billed as a panniculectomy.[3] All other claims were paid.

## III.

We conclude that there was no genuine issue as to any material fact and that Cigna was entitled to a judgment of dismissal as a matter of law. So we affirm.

_____
W. NEAL MCBRAYER, JUDGE

---

[3] The McElroys' reliance on Ms. Russell's testimony to argue that Cigna deviated from its own policies by denying coverage based on a CPT code is misplaced. Ms. Russell explained that medical necessity is a critical component of coverage determinations. So coverage decisions require consideration of both the submitted CPT codes and other clinical information. But medical necessity is not relevant to whether an exclusion applies.