IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 5, 2020 Session

### BARBARA ANN SHELTON ET AL. v. MARY F. EDEN

**Appeal from the Chancery Court for Robertson County**
**No. CH18-CV-445, CH18-CV-446      Laurence M. McMillan, Jr., Chancellor**

———————————————————

### No. M2019-01295-COA-R3-CV

———————————————————

The maker of three promissory notes claims that the third promissory note was intended to consolidate and discharge the earlier notes. When the holders of the two earlier notes filed suit to collect, the maker raised discharge as a defense. The trial court granted the maker summary judgment. Because the maker failed to meet her burden to show that she was entitled to judgment as a matter of law, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

B. Nathan Hunt and Catherine W. Cheney, Clarksville, Tennessee, for the appellants, Barbara Ann Shelton, Peggy Jo Duffer, Timothy Lee Farmer, Michael S. Farmer, and Rudolph Scott Farmer.

James B. Johnson, Nashville, Tennessee, for the appellee, Mary F. Eden.

### OPINION

### I.

In September 2009, Mary Eden borrowed $150,000 from her father, John R. Farmer. In return, Ms. Eden signed a promissory note, promising repayment over ten years with six percent interest.

In April 2011, Ms. Eden borrowed an additional $100,000 from her father. She signed another promissory note for the $100,000 loan, this time promising repayment in just over five years with five percent interest.

In July 2011, Ms. Eden signed a third promissory note in favor of her father in the principal amount of $212,919.56. Ms. Eden promised to pay her father over ten years with four percent interest.

None of these facts are in dispute. In dispute are the circumstances surrounding the signing of the third promissory note. Ms. Eden claims that her father agreed to reduce the principal of the earlier two notes and that the third promissory note was a combination of the two earlier notes. Some of Ms. Eden's siblings contend otherwise.

Following Mr. Farmer's death in 2015, his estate filed separate suits against Ms. Eden seeking recovery of the two earlier promissory notes.[1] Later the administrator ad litem of the estate assigned the two promissory notes to five of the late Mr. Farmer's children: Barbara Ann Shelton, Peggy Jo Duffer, Michael S. Farmer, Rudolph Scott Farmer, and Timothy Lee Farmer (collectively, the "Transferees"). The chancery court substituted the Transferees as plaintiffs and consolidated the two cases.

Ms. Eden moved for summary judgment. Primarily she argued that the September 2009 and April 2011 promissory notes were combined to create the July 2011 promissory note. So, according to her, the Transferees could not establish a breach of the September 2009 and April 2011 notes. Ms. Eden claimed to be current on her payments under the July 2011 note. In the alternative, she argued that, based on the allegation of when the breach occurred, recovery under the April 2011 note was barred by the applicable statute of limitations.

The chancery court granted Ms. Eden summary judgment. The court determined "that there [wa]s no genuine issue of material fact as to whether the July 31, 2011 Promissory Note was a combination of and reaffirmation of the Promissory Notes dated September 10, 2009 and April 7, 2011." As a result, the court did not reach Ms. Eden's statute of limitations defense.

## II.

On appeal, the Transferees contend that the September 2009 and April 2011 promissory notes were not combined to create the July 2011 promissory note and that fact can be determined from the language of the notes. Ms. Eden contends that this appeal is

---

[1] The third promissory note was the subject of yet another proceeding. *See In re Estate of Farmer*, No. M2019-01335-COA-R3-CV, 2020 WL 1891178 (Tenn. Ct. App. Apr. 16, 2020) (mem. op.).

frivolous and that she is entitled to an award of her attorney's fees and costs incurred as a result of the appeal. *See* Tenn. Code Ann. § 27-1-122 (2017).

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Id.*

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

The chancery court determined that the July 2011 promissory note "was a combination of and reaffirmation" of the earlier two promissory notes. Here, if Ms. Eden is to be believed, the July 2011 promissory note did more than just combine the earlier two notes and reaffirm the debt she owed; it also discharged the earlier two notes.

The promissory notes signed by Ms. Eden are negotiable instruments; "[a] negotiable instrument may be modified by agreement of the parties in order to renew it." 11 Am. Jur. 2d *Bills and Notes* § 170, Westlaw (database updated May 2020). The agreement to modify may be reflected in a renewal note rather than a modification agreement. *Id.* But "a renewal note does not discharge the original note unless all of the parties thereto agree that the renewal is to have this effect." *Commerce Union Bank v. Burger-In-A-Pouch, Inc.*, 657 S.W.2d 88, 90 (Tenn. 1983); *see also* 11 Am. Jur. 2d *Bills and Notes* § 173 ("A subsequent note does not discharge or extinguish the original indebtedness secured unless there is an express agreement between the parties or it clearly appears that such was the intention of the parties as revealed by the facts and circumstances of the transaction."). Absent an agreement to discharge the original note, the holder of a renewal note has the option of seeking recovery of the outstanding debt under either the renewal note or as holder of the original note. 11 Am. Jur. 2d *Bills and Notes* § 173.

Unlike a renewal, novation substitutes "a new obligation for an existing one or . . . a third party for the existing obligor." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d

879, 890 (Tenn. 2019). With a novation, "the original contract becomes a nullity, and the new agreement determines the rights and duties of the parties." *Id.* So "[t]he parties cannot revert back to the extinguished contract even if one party later breaches the new agreement." *Id.* A promissory note may be extinguished or discharged by novation. *See* Tenn. Code Ann. § 47-3-601(a) (2001) ("The obligation of a party to pay the instrument is discharged . . . by an . . . agreement with the party which would discharge an obligation to pay money under a simple contract.").

Because it granted Ms. Eden summary judgment, we interpret the chancery court's determination that the July 2011 promissory note "was a combination of and reaffirmation" of the earlier two promissory notes as a determination that the July 2011 promissory note created a novation. So we examine the proof offered by Ms. Eden on summary judgment in that light.

A party asserting novation bears the burden of proving it. *Commerce Union Bank*, 657 S.W.2d at 90. This requires a showing of "(1) a previously valid obligation, (2) the agreement of all parties to a new contract, (3) the extinguishment of the old contract, and (4) a valid new contract." 21 Steven W. Feldman, TENNESSEE PRACTICE SERIES CONTRACT LAW AND PRACTICE § 3:42 (May 2019 Update), *quoted in TWB Architects, Inc.*, 578 S.W.3d at 891. But "[t]he most important factor in determining whether a novation has occurred is the intent of the parties, which must be clear and definite." *TWB Architects, Inc.*, 578 S.W.3d at 891.

In support of her claim that the July 2011 note extinguished the earlier two notes, Ms. Eden offered very little evidence. The July 2011 promissory note itself makes no reference to the earlier two promissory notes. So she relied on her own testimony that the earlier notes were "combined into the July 2011 note." Ms. Eden also offered the statements of her late father's attorney, who "testified that the July 2011 note was possibly a 'successor note.'"

We find Ms. Eden failed to meet her burden on summary judgment. Ms. Eden did not testify that the July 2011 note was intended to extinguish or discharge her earlier obligations, but even had she done so, that testimony would have been insufficient to show clear and definite intent on behalf of both parties to create a novation. The July 2011 promissory note itself makes no reference to the earlier two promissory notes. The statements of her father's attorney add nothing, as admittedly the attorney was not involved in drafting any of the promissory notes made by Ms. Eden in favor of her father.

## III.

Because there are disputed questions of material fact on the issue of novation, we reverse the grant of summary judgment. In light of this outcome, we decline to award

4

Ms. Eden her attorney's fees and costs incurred on appeal. The case is remanded for further proceedings consistent with this opinion.

_____

W. NEAL MCBRAYER, JUDGE