IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2025 Session

## CATHERINE AMANDA MULLIS v. SAI CHATTANOOGA N, LLC

**Appeal from the Circuit Court for Hamilton County**
**No. 18-C-1301   J.B. Bennett, Judge**

_____

**E2024-00443-COA-R3-CV**

_____

After discovering that the roof of her new car leaked, the owner returned to the dealership several times for repairs, but the leaks persisted. Later, when she began feeling sick, the owner suspected that mold growing in the car was the cause. The owner sued the dealership claiming, among other things, that negligent repairs led to the mold growth and caused her health issues. The dealership moved for summary judgment, asserting that the owner could not prove causation. The trial court agreed and granted summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Ronald J. Berke, Chattanooga, Tennessee, for the appellant, Catherine Amanda Mullis.

Stephen C. Knight and Nader Baydoun, Brentwood, Tennessee, for the appellee, SAI Chattanooga N, LLC.

**OPINION**

**I.**

**A.**

Catherine Mullis bought a new Nissan Rogue, a compact SUV, from Hunt Nissan. After "approximately 23,000 miles," she noticed that the SUV's roof was leaking. Because the SUV was still under warranty, she returned to the dealership for repairs. Several visits to the dealership's service department followed, but the problem persisted. Roughly four

years later, Ms. Mullis began experiencing health issues, including a chronic cough, joint pain, left foot and shoulder pain, anxiety, a nodule in her lung, and heart palpitations; she also discovered mold growing in the SUV.

Ms. Mullis sued the owner of Hunt Nissan, SAI Chattanooga N LLC,[1] alleging that its negligent failure to repair her SUV reduced its value, limited its use, and caused her health issues. She sought recovery for the reduction in value and loss of use of her SUV. She also sought recovery of her medical expenses and lost wages and damages for pain and suffering and loss of earning capacity and enjoyment of life.

B.

During discovery, SAI Chattanooga N sent interrogatories to Ms. Mullis asking her to identify her experts and share the facts and opinions on which the experts were to testify, as well as the grounds for each opinion. It also asked her to detail each injury for which she claimed damages. In response, Ms. Mullis named her experts but did not include any opinions or facts to which they would testify. She also provided a short list of symptoms and possible diagnoses without any further description or professional opinion.

SAI Chattanooga N moved for summary judgment, asserting that Ms. Mullis could not produce evidence that the repairs were negligent or that the mold in the SUV caused her health issues. Ms. Mullis opposed the motion for summary judgment, but she also sought permission to amend her complaint to add statutory and contract causes of action for her property damage claims. The trial court granted the motion to amend and denied the motion for summary judgment.

Three and one-half years later, SAI Chattanooga N renewed its motion for summary judgment, but only on the personal injury claim. The renewed motion noted that the court had allowed Ms. Mullis "an opportunity to obtain and present evidence supporting her health claims." But Ms. Mullis "ha[d] not disclosed expert opinion evidence necessary to establish her [personal injury] claims." In response, Ms. Mullis produced a report showing that her SUV did indeed contain mold. She also produced charts from an allergy clinic showing that she had a mold allergy. Ms. Mullis claimed that the deposition of her health care provider would be taken before trial but did not offer expert opinion of a causal connection between the mold in the SUV and her health problems.

The trial court granted partial summary judgment. It concluded that expert testimony was required to establish that mold caused Ms. Mullis's personal injuries. Later the parties settled Ms. Mullis's property damage claim, and the court entered a final judgment dismissing the case.

---

[1] A different entity owned the dealership when Ms. Mullis purchased the SUV. She sued both entities, but the court dismissed the claims against the prior owner on a motion for summary judgment.

## II.

Ms. Mullis appeals the dismissal of her personal injury claim. She asserts that the motion for summary judgment made only "conclusory assertion[s]" that she lacked evidence linking the mold in the SUV to her health problems.

### A.

Summary judgment may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. The party moving for summary judgment must "persuad[e] the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). When the party moving for summary judgment does not have the burden of proof at trial, that party must submit evidence either "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

A trial court's grant of summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). The decision presents a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we review the record de novo and make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763. Like the trial court, we "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd*, 847 S.W.2d at 210-11.

SAI Chattanooga N's summary judgment motion asserted that Ms. Mullis lacked expert evidence showing causation, an essential element of her personal injury claim. For her part, Ms. Mullis acknowledges that expert opinion evidence is generally necessary to establish the cause of a medical condition. *See Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001) (recognizing the "general rule" that "causation of a medical condition must be established by testimony from a medical expert"). Still, she counters that SAI Chattanooga N did not properly support its motion and made only a conclusory assertion of a lack of evidence.

While a party seeking summary judgment cannot make a "conclusory assertion" that the nonmoving party's evidence is insufficient to establish a claim, SAI Chattanooga N did

more than that.  *See Rye*, 477 S.W.3d at 264.  It supported the motion for summary judgment with Ms. Mullis's interrogatory responses.  The interrogatories asked Ms. Mullis to identify each expert that she would call at trial and to "state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds of each opinion."  She responded with the names and contact information for three individuals, but otherwise provided no information regarding the expert opinions they might offer.

Ms. Mullis's interrogatory responses adequately demonstrated she lacked the expert opinion evidence needed for her personal injury claim.  *See id.*  The expert opinion information sought by SAI Chattanooga N fell within the scope of discovery permitted by Tennessee Rule of Civil Procedure 26.  *See* TENN. R. CIV. P. 26.02(4)(A)(i).  And we have recognized that not disclosing such information can justify exclusion of an expert's testimony.  *Stanfield v. Neblett*, 339 S.W.3d 22, 30 (Tenn. Ct. App. 2010).  So the burden shifted to Ms. Mullis to "set forth specific facts showing that there [wa]s a genuine issue for trial" on the question of causation.  TENN. R. CIV. P. 56.06; *Rye*, 477 S.W.3d at 265.  She failed to do so.  Her personal affidavit could not establish causation.  *See Miller*, 73 S.W.3d at 901; TENN. R. CIV. P. 56.06 (requiring affidavits opposing summary judgment to "be made on personal knowledge, . . . [to] set forth . . . facts as would be admissible in evidence, and . . . [to] show affirmatively that the affiant is competent to testify to the matters stated therein").  And the reports and charts attached to her affidavit, even if they related to causation, could not be considered because they were substantively inadmissible.  *See Shipley v. Williams*, 350 S.W.3d 527, 565 (Tenn. 2011) (Koch, J., concurring in part and dissenting in part) (noting that "evidence that would be substantively inadmissible at trial would likewise be inadmissible at the summary judgment stage").

B.

For its part, SAI Chattanooga N requests attorney's fees under Tennessee Code Annotated § 27-1-122 (2017), claiming this appeal was frivolous or taken solely for delay.  A frivolous appeal is "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or has "no reasonable chance of success," *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977).  While the merits of this appeal are suspect, we decline to award attorney's fees.

III.

We conclude that SAI Chattanooga N was entitled to a judgment as a matter of law dismissing Ms. Mullis's personal injury claim.  So we affirm the grant of summary judgment.  We decline to award fees.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE

4